UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 26-40805-lsg |
| South Town by 4M LLC, | Chapter 11 |
| Debtor. | Hon. Lisa S. Gretchko |

_________________________/

**AMENDED DECLARATION OF DISINTERESTEDNESS**

I, Kimberly Ross Clayson, being duly sworn states:

1. I am a Partner with the firm Taft Stettinius & Hollister LLP ("Taft").

2. I am familiar with the facts and circumstances set forth in this Declaration, and I am in all respects competent to make this declaration in support ("Declaration") of the *Application to Employ Taft Stettinius & Hollister LLP as Counsel for Debtor, South Town by 4M LLC* [ECF No. 17] (the "Application").

3. Unless otherwise stated, this Declaration is based upon my personal knowledge.

4. I have reviewed the Application and the statements contained in the Application are true and accurate to the best of my information, knowledge, and belief.

5. There are no pre-petition fees or expenses owed to Taft by the Debtor, South Town by 4M LLC (the "Debtor").

6. Taft received a total of $100,000.00 for a retainer deposit for the payment of legal fees and expenses for its representation of the Debtor in the course of this bankruptcy case (the "Retainer Deposit"). At this time, $98,262.00 of the Retainer Deposit is on hand in the Taft IOLTA account for reimbursement of fees and expenses related to this bankruptcy case, subject to bankruptcy court approval. The filing fee was paid from the Retainer Deposit. The Retainer Deposit was paid directly to Taft by Heidi Poscher, in her individual capacity. Heidi Poscher is not a creditor of this estate.

7. To the best of my knowledge, information, and belief, Taft does not represent or hold any interest adverse to the Debtor's bankruptcy estate or the Debtor with respect to the matters on which Taft is being employed.

8. Taft has previously represented and has continued to represent many entities related to the Debtor (the "Related Entities"). The Related Entities are set forth on **Exhibit A**. The Debtor and the Related Entities were each owned, directly or indirectly, 100% by Margaret Poscher. Margaret Poscher passed away in October of 2025 and Heidi Poscher, the surviving spouse of Margaret Poscher, is the personal representative and a beneficiary of Margaret Poscher's estate (the "Poscher Estate"). By virtue of this appointment, Heidi Poscher is the successor manager of the Debtor. Heidi Poscher is also the successor manager of the Related Entities that are still operational. Other than as set forth herein below, none of the

Related Entities have adverse interests to the Debtor and Taft will not represent any Related Entities in connection with this bankruptcy case.

9. Of the Related Entities, Taft currently represents Heidi Poscher as personal representative of the Poscher Estate and has in the past represented Heidi Poscher individually. Neither the Poscher Estate nor Heidi Poscher are creditors of the Debtor. Further, Taft will not represent either of these parties in connection with this bankruptcy case. Heidi Poscher has retained her own counsel for representation in this bankruptcy case. If Heidi Poscher determines it is necessary, Heidi Poscher, in her capacity as personal representative, will retain counsel separate counsel for the Poscher Estate in connection with this bankruptcy case.

10. Taft has also investigated the transactions between the Debtor, on the one hand, and Heidi Poscher and Magaret Poscher, on the other, and has determined that the Debtor has not made any transfers to Heidi Poscher or to Margaret Poscher since its formation.[1] To the contrary, each of Heidi Poscher and Margaret Poscher contributed substantial funds, in the form of equity contributions (approximately $1.9 million) to the Debtor over the last several years in order to advance the Debtor's development objectives. The Poschers made these contributions in the anticipation that the Debtor's ability to complete the development of a mixed-use

[1] The Debtor was formed on January 19, 2022.

multi-tenant property, a microgrid energy plant, retail and short-term rental facilities will create substantial equity in the Debtor in excess of creditor claims against the Debtor. Therefore, in Taft's analysis of the facts and circumstances of Heidi Poscher's interests and those of the Debtor, Heidi Poscher's interests are aligned with the Debtor.

11. One of the Related Entities, Prentice Partners of Ann Arbor, LLC ("Prentice") claims to hold a third lien position on the assets of the Debtor in exchange for advancing $8.5 million in funding to the Debtor (the "Mortgage Transaction").[2]

12. Taft has and continues to represent Prentice in matters unrelated to the Debtor. However, Taft has not previously represented Prentice in any matters adverse to the Debtor and Taft did not represent Prentice in the Mortgage Transaction. Nonetheless, Prentice has or will engage separate legal counsel to address any issues Prentice may have in this bankruptcy case and Taft will not represent Prentice in any matters in this bankruptcy case.

13. Other than the Mortgage Transaction described herein, to the best of my knowledge, information and belief based on Taft's investigation of the Debtor's

[2] This is identified as a fourth lien position in the Debtor's schedules because the Debtor owes property taxes to the City of Ann Arbor which the Debtor has identified as a priority interest ahead of the mortgagees.

financial affairs, no other transfers of property or money occurred between Prentice and the Debtor.

14. Prior to the bankruptcy filing, Taft provided legal services to the following additional known creditors of the Debtor, in matters unrelated to the Debtor or as to any of the Related Entities (the "Known Creditors"): Learfield IMG College and G2 Consulting Group LLC. Taft has advised such Known Creditors of Taft's representation of the Debtor and such Known Creditors have or will be engaging separate counsel in matters related to the Debtor. Likewise, the Debtor will be seeking separate special counsel as to any matters related to the Known Creditors.

15. I and the partners, attorneys and employees of Taft are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code in that none of the aforementioned persons is (1) a creditor, equity security holder or insider of the Debtor, (2) is not and was not, within two years before Debtor's bankruptcy filing a director, officer, or employee of Debtor, and (3) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or for any other reason.

Pursuant to 28 U.S.C. § 1746, I declare to the best of my knowledge, under penalty of perjury, that the above statements are true and correct.

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

Dated: February 10, 2026

/s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804), Declarant
27777 Franklin Road Suite 2500
Southfield, Michigan 48034
248-351-3000
kclayson@taftlaw.com

*Counsel to the Debtor, South Town by 4M LLC*

**Exhibit A**
**Related Entities**

1. Estate of Margaret Poscher (deceased)
2. 4M Consolidated Brands LLC, a Michigan limited liability company
3. 4th Purpose Energy LLC, a Michigan limited liability company
4. AHFLP LLC, a Michigan limited liability company
5. 2323 Yost LLC, a Michigan limited liability company
6. Prentice Partners Holdings LLC, a Michigan limited liability company
7. Prentice Partners Home LLC, a Michigan limited liability company
8. Prentice Partners of Ann Arbor, LLC a Wyoming limited liability company
9. Dynamic Energy Group, LLC, an Ohio limited liability company
10. Prentice Partners Construction Services LLC, a Michigan limited liability company
11. 206 North Lansing LLC, a Michigan limited liability company
12. 436 Fourth Ave, LLC, a Michigan limited liability company
13. 815 Brookwood LLC, a Michigan limited liability company
14. 823 Sylvan LLC, a Michigan limited liability company
15. 1414 Golding LLC, a Michigan limited liability company
16. 1605 White Street, LLC, a Michigan limited liability company
17. 1700 Packard LLC, a Michigan limited liability company
18. 812 Henry LLC, a Michigan limited liability company
19. 809 Henry LLC, a Michigan limited liability company
20. Golden Poscher Ann Arbor LLC, a Michigan limited liability company
21. Henry Golden Ann Arbor LLC, a Michigan limited liability company
22. Circa1919, LLC, a Michigan limited liability company