UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| In re: | Chapter 11 |
| South Town By 4M LLC, | Case No. 26-40805 |
| Debtor. | Hon. Lisa S. Gretchko |

______________________________/

**CHAPTER 11 CASE MANAGEMENT ORDER ESTABLISHING DEADLINES AND PROCEDURES FOR A SINGLE ASSET REAL ESTATE CASE**

On March 12, 2026, the Court entered an order (ECF No. 65) finding that this case is a single asset real estate case under 11 U.S.C. § 101(51B). After a review of the schedules and statement of financial affairs and consulting with the Debtor and the other parties[1] who appeared at the adjourned initial status conference on March 16, 2026, the Court concludes that this case is appropriate for the procedures set forth in this Order, and establishes the following deadlines, hearing dates and procedures. The purpose of this Order is to expedite the Debtor's reorganization and "to secure the just, speedy, and inexpensive determination of [this] case . . . ." F.R.Bankr.P. 1001, and is issued pursuant to 11 U.S.C. § 105(d)(2).

1. **Deadlines and Hearing Dates**. The following deadlines and hearing dates are established:

   a. For creditors who are required by law to file claims, the deadline is **May 27, 2026**, except that for governmental units the deadline to file claims is August 25, 2026.

[1] For purposes of this Order, the terms "party" or "parties" refer to the Debtor, the creditors, the interest holders, and the United States Trustee.

b. The deadline for the Debtor to file motions pursuant to paragraph 6 is **March 27, 2026**.

c. The deadline for parties to request the Debtor to include any information in the disclosure statement pursuant to paragraph 3 is **March 27, 2026**.

d. The deadline for the Debtor to file a combined plan and disclosure statement pursuant to paragraph 2 is **April 27, 2026**.

e. The deadline to return ballots on the plan, as well as to file objections to final approval of the disclosure statement and objections to confirmation of the plan, is **July 2, 2026.** The completed ballot form shall be returned by e-mail to the Debtor's attorney: Anthony M. Cimini, Taft Stettinius & Hollister, LLP, e-mail address: acimini@taftlaw.com.

f. The hearing on objections to final approval of the disclosure statement and confirmation of the plan shall be held on **July 10, 2026 at 1:00 p.m.**, before the Honorable Lisa S. Gretchko, in Courtroom 1975, 211 West Fort Street, Detroit, Michigan 48226.

g. The deadline for all professionals to file final fee applications pursuant to paragraph 7 is **30 days after the confirmation order is entered**.

h. The deadline to file objections to this Order pursuant to paragraph 8 is **21 days from the date of entry of this Order**.

i. The deadline to file a motion to extend the deadline to file a plan pursuant to paragraph 9 is **April 10, 2026**. Counsel for the Debtor must immediately consult with the courtroom clerk to ensure that such a motion is set for hearing before **April 27, 2026**.

j. The deadline to file a motion to temporarily allow a claim or interest for the purpose of accepting or rejecting the plan pursuant to F.R.Bankr.P. 3018(a) is **June 10, 2026**.

k. These dates and deadlines are subject to change upon notice if the Debtor files a plan before the deadline in paragraph d above.

2. **The Plan**. The Debtor shall begin to negotiate the terms of a plan of reorganization and a disclosure statement as soon as practicable. By the deadline established in paragraph 1d, the Debtor shall file a plan of reorganization and a disclosure statement combined into one document. If the Debtor fails to meet this deadline, the case may be dismissed or converted to chapter 7 pursuant to 11 U.S.C. § 1112(b)(4)(J).

3. **Preparation of the Disclosure Statement**. It is the policy of the Court to eliminate unnecessary, time-consuming, and costly litigation concerning the adequacy of the disclosure statement. Accordingly, in preparing the disclosure statement, the Debtor (1) shall include all information in the Court's "Requirements for Information to Include in the Combined Plan and Disclosure Statement," and (2) shall consider any request by any party to include any additional information.[2] Any such request shall be submitted to the Debtor's attorney by the deadline established in paragraph 1c. The parties shall submit to the Court for informal resolution any disputes about the disclosure statement before the Debtor files it. This informal resolution may be requested in a telephone conference call. Unless good cause is shown, the Court will not consider any objection to a disclosure statement asserted by anyone who has not participated in the procedures set forth in this paragraph.

4. **Preliminary Approval of the Disclosure Statement**. When the Debtor files the combined disclosure statement and plan, the Court will consider whether to grant preliminary approval of the disclosure statement. If the Court does not grant preliminary approval, the Court will schedule an expedited hearing with such notice as the Court deems appropriate, to advise the Debtor's attorney of the Court's decision. When the Court does enter an order granting preliminary approval, the Debtor may then begin soliciting acceptances of the plan. Within

[2] Counsel for the Debtor is advised that preliminary approval will be granted only to a disclosure statement that contains the information required in the "Requirements for Information to Include in the Combined Plan and Disclosure Statement." **Parties may obtain a copy of the requirements from the Court's website at: mieb.uscourts.gov/judges-information/judge-lisa-s-gretchko.**

seven days after the entry of the order granting preliminary approval, pursuant to E.D. Mich. LBR 3018-1, the Debtor shall arrange to mail that order, the combined plan and disclosure statement, any other statement approved by the Court pursuant to F.R.Bankr.P. 3017(d), and a ballot, to whomever is entitled by law to service.

5. a. **The Combined Hearing on the Plan and Disclosure Statement**. Subject to paragraph 3, parties may file objections to the disclosure statement and to the plan by the deadline established in paragraph 1e above. An objection to a disclosure statement shall state with particularity the objecting party's participation in the procedures set forth in paragraph 3. Objections shall be served on the attorney for the Debtor, the attorney and the chairperson of any official committee, and the United States Trustee. A proof of such service shall be filed with the objections. Objections which are not timely filed and served will be deemed waived. If, after considering objections, the Court does not approve the disclosure statement, the Court will not consider confirmation of the plan.

b. **Ballot Summary.** No later than **<u>July 8, 2026</u>**, the Debtor shall file with the Court a signed ballot summary indicating the ballot count under 11 U.S.C. § 1126(c) and (d). A copy of the ballots shall be attached to this summary and all original ballots shall be brought to the confirmation hearing.

6. **Expediting the Debtor's Reorganization.** If necessary to file a plan by the deadline established in this Order, the Debtor shall file any motions or requests to value security pursuant to E.D. Mich. LBR 9014-1 by the deadline established in paragraph 1b above.

7. **Fee Applications**. Unless the Court orders otherwise, each professional shall file one and only one final fee application. Such applications shall be filed pursuant to E.D. Mich. LBR 2016-1 and E.D. Mich. LBR 9014-1 by the deadline set forth in paragraph 1g, above.

8. **Deadline to File Objections to this Order**. Any objection to this Order must be filed by the deadline set forth in paragraph 1h above. Objections not timely filed are waived.

9. **Motions to Extend the Deadline to File a Plan and Disclosure Statement**. Any such motion must be filed by the deadline in paragraph 1i. The motion shall be filed pursuant to E.D. Mich. LBR 9014-1 and shall demonstrate by affidavit or otherwise that the request is necessary due to extraordinary and unforeseen circumstances. Counsel for the Debtor shall serve the motion and a notice of the hearing to the United States Trustee, all secured creditors, the 20 largest unsecured creditors and counsel for the creditors' committee, if any, and shall file a proof of service.

**Signed on March 16, 2026**

**/s/ Lisa S. Gretchko**

**Lisa S. Gretchko**
**United States Bankruptcy Judge**