In re:                                                    Case No. 26-40805-lsg

South Town by 4M LLC,                        Chapter 11

              Debtor.                                    Hon. Lisa S. Gretchko

_____/

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) EXTENDING THE DEADLINE TO FILE A CHAPTER 11 PLAN AND (B) EXTENDING THE DEBTOR'S EXCLUSIVITY PERIOD TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121 OF THE BANKRUPTCY CODE**

Debtor, South Town by 4M LLC ("Debtor" or "Debtor in Possession"), through its undersigned counsel, submits this *Motion for Entry of an Order (a) Extending the Deadline to File a Chapter 11 Plan and (b) Extending the Debtor's Exclusivity Period to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to 11 U.S.C. § 1121 of the Bankruptcy Code* (the "Motion"), and states as follows:

**PRELIMINARY STATEMENT**

Through this Motion, Debtor respectfully requests that this Court: (i) extend the April 27, 2026, deadline to file its chapter 11 plan (the "Plan Deadline") by 90 days, to July 27, 2026; and (ii) extend the exclusivity period during which Debtor has the sole right to file a chapter 11 plan (the "Filing Exclusivity Period") and the exclusive period during which Debtor may solicit acceptances thereof (the "Solicitation Exclusivity Period" together with the Filing Exclusivity Period, the

"Exclusivity Periods") by 60 days, to July 27, 2026, and September 23, 2026, respectively. Debtor's case was designated a single asset real estate case ("SARE") and, rather than filing its plan (the "Plan") on the 90th day after the petition date, will commence making monthly interest-only payments to County National Bank ("CNB")[1] at the non-default contract rate of interest, as required under 11 U.S.C. § 362(d)(3) (the "Interest-Only Payments").

The requested 90-day extension for the Plan Deadline is reasonable under the circumstances given that Debtor is commencing the Interest-Only Payments, which is the only requirement under section 362(d)(3) of the Bankruptcy Code. The Plan Deadline of April 27, 2026, was imposed by the Court through entry of its *Chapter 11 Case Management Order Establishing Deadline And Procedures For A Single Asset Real Estate Case* (the "Scheduling Order") [ECF No. 76], and is not required under the Bankruptcy Code.

The requested 60-day extension of the Exclusivity Periods is modest, is supported by cause, and is necessary to allow Debtor to complete ongoing negotiations for financing that would refinance and fully satisfy the claims of its first and second mortgage lenders, County National Bank ("CNB") and Brownstone Realty Advisors, LLC ("Brownstone"), and pay all other allowed claims in full (the

---

[1] Secured creditors Brownstone and Prentice (defined herein below) have both waived ay requirement for interest-only payments. *See infra*, ¶20.

"Exit Financing").

Notwithstanding the SARE designation, Debtor's compliance with section 362(d)(3) by making the Interest-Only Payments does not diminish the independent and substantial cause that exists under section 1121(d) of the Bankruptcy Code to extend the Exclusivity Periods. Additional time is necessary to finalize negotiations for Exit Financing and to translate such terms into a viable, confirmable Plan.

**JURISDICTION**

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief requested herein is sections 362(d)(3) and 1121(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101–1330, as amended (the "Bankruptcy Code"), Rule 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9006-1 (Bankr. E.D. Mich.).

**PROCEDURAL BACKGROUND**

4.      On January 27, 2026 (the "Petition Date"), Debtor filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

5.      Debtor continues to manage and operate its business as Debtor-in-Possession pursuant to section 1184 of the Bankruptcy Code.

6.      Heidi Poscher, Personal Representative of the Estate of Debtor's sole Member—Margaret Poscher (Deceased)—is the responsible person for the Debtor.

7.      No creditors' committee has been appointed.

8.      On March 12, 2026, and through entry of its *Order Granting Motion to Designate Case as a Single Asset Real Estate Case* (the "SARE Order") [ECF No. 65], this Court designated this case as a SARE pursuant to 11 U.S.C. § 101(51B).

9.      As a result of the SARE Order and pursuant to requirements of section 362(d)(3) of the Bankruptcy Code, Debtor must either file its Plan by April 27, 2026 or commence making non-default interest rate payments to its secured lenders by such date.[2]

10.     Consistent with these requirements, and in lieu of filing a plan within 90 days of the Petition Date (April 27, 2026), Debtor has elected to commence making the monthly Interest-Only Payments to CNB at the non-default contract rate of interest on the value of CNB's interest Debtor's property, thereby satisfying

---

[2] Additionally, on March 16, 2026, as a result of and following the entry of the SARE Order, the court entered the *Chapter 11 Case Management Order Establishing Deadlines and Procedures for a Single Asset Real Estate Case* [ECF No. 76] (the "**Scheduling Order**") which set April 27, 2026 as the deadline by which Debtor must file its plan.

its obligations under section 362(d)(3) and preserving the automatic stay.

11.    Consistent with Debtor's election to make the Interest-Only Payments under section 362(d)(3), it respectfully requests this Court to amend the Scheduling Order and extend the Plan Deadline to July 27, 2026 to align with the proposed extension of the Filing Exclusivity Period and the Solicitation Exclusivity Period of July 27, 2026 and September 23, 2026 respectively.

12.    To facilitate the payment to CNB, Debtor also filed a motion seeking authority to obtain post-petition financing consisting of an administrative superpriority, secured (but subordinate to any valid liens of record), multiple-draw term loan in an amount not to exceed the aggregate principal amount of $400,000.00 (the "DIP Loan" and the obligations owing thereunder being the "DIP Obligations"). Debtor's *Motion for Entry of an Order (a) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (b) Granting Liens, Security Interests, and Superpriority Claim* (the "DIP Financing Motion") [ECF No. 79 ] was filed contemporaneously with this Motion.

13.    Additionally, Debtor filed its *Ex Parte Motion for Expedited Hearing on the Motion for DIP Financing and Motion to Extend Plan Deadline and Exclusivity Periods* (the "Emergency Motion") [ECF No. ____] contemporaneous with this Motion, at the request of the Court, and to allow a ruling on these issues prior to the current Plan Deadline.

## FACTUAL BACKGROUND

14. Debtor is a Michigan limited liability company, with a single member. The member, until mid-October of 2025 had been Margaret Poscher. Margaret Poscher unfortunately passed away at that time and a probate estate has been opened. Margaret Poscher's wife, Heidi Poscher has been named as the personal representative of Margaret Poscher's estate and therefore is acting on behalf of the sole member of Debtor in this bankruptcy proceeding.

15. Debtor holds title to ten individual lots, comprising a city block in Ann Arbor, Michigan. One side fronts South State Street, directly across from the University of Michigan Golf Course and is kitty-corner to the University of Michigan field hockey stadium, the football practice facilities, Crisler Arena and the University of Michigan football Stadium.

16. Debtor has site plan approval for the construction of a multi-faceted long-term and short term rental apartment building, with dedicated retail space and a self-supporting micro-grid, all of which this Court has intimate familiarity with by virtue of the SARE Motion[3] (the "Development").

17. To aid in Debtor's acquisition of the ten lots, Debtor obtained financing from three lenders; CNB, which claims to hold a first lien position in the

---

[3] Any capitalized terms not defined herein shall have the meaning assigned to them in the DIP Financing Motion [ECF No. 79 ].

approximate amount of $17 million; and Brownstone which claims to hold a second lien position in the amount of $8 million. A third mortgage position for an additional $8.5 million is claimed to be held by an affiliate of Debtor, Prentice Partners of Ann Arbor, LLC ("Prentice").

18.    Both Brownstone and Prentice have waived any requirement that Debtor provide interest payments pending confirmation of Debtor's Plan. Therefore, the DIP Loan is required solely to cover the required section 362(d)(3) Interest-Only Payments due to CNB and to pay for other potential development expenses that may be required in connection with the Exit Financing.

19.    Debtor has not previously sought an extension of the Plan Deadline nor the Exclusivity Periods.

## RELIEF REQUESTED

20.    Debtor seeks entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) extending the Plan Deadline by 90 days through and including July 27, 2026; (b) extending the Filing Exclusivity Period by 60 days through and including July 27, 2026;[4] and (c) extending the Solicitation Exclusivity Period by 60 days through and including September 23, 2026, in each case without prejudice to Debtor's rights to seek further extensions consistent with section

---

[4] The current Filing Exclusivity Period expires on May 27, 2026.  60 days from that date is Sunday, July 26, 2026. As such, the Filing Exclusivity Period, if extended 60 days, would fall on the following Monday, July 27, 2026.

1121(d) of the Bankruptcy Code, or any party in interest's rights to seek termination of such periods.

**ARGUMENT**

### I. Legal Standards

21. Section 362(d)(3) provides that any debtor designated as a SARE must "not later than the date that is 90 days after the entry of the order for relief . . . file[]a plan of reorganization . . . or commence[] monthly payments [which] are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate . . . ." 11 U.S.C § 362(d)(3).

22. Section 1121(b) of the Bankruptcy Code provides that only the debtor may file a plan during the first 120 days after the order for relief. Section 1121(c)(3) provides that if the debtor timely files a plan within that 120-day period, only the debtor may solicit acceptances during the 180-day period following the order for relief. Section 1121(d)(1) of the Bankruptcy Code provides that "on request of a party in interest made within the respective periods . . . and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1); *see In re Energy Conversion Devices, Inc.*, 474 B.R. 503, 507 (Bankr. E.D. Mich. 2012) ("This section 'grants great latitude to the Bankruptcy Judge in deciding, on a case-specific basis, whether to modify the exclusivity period on a showing of 'cause.'")

(citations omitted).

23.     Although "cause" is not defined in the Bankruptcy Code, Congress intended the term to be construed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, pt. 4, at 232 (1977). A debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors. *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

## II.     Debtor Seeks to Exercise its Statutory Option to Commence Interest-Only Payments under Section 362(d)(3)

24.     Section 362(d)(3) clearly and expressly indicates a SARE debtor must, by the 90th day following the petition date, *either* file a plan *or* commence interest-only payments "in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate." 11 U.S.C. § 362(d)(3). Debtor wishes to exercise the option to commence making the Interest-Only Payments. In order to do so, Debtor requires an amendment to the Scheduling Order which currently imposes a deadline of April 27, 2026 for Debtor to file its Plan.

25.     As such, Debtor respectfully requests the Court amend its Scheduling Order to extend the Plan Deadline, and allow Debtor to commence the Interest-Only Payments. For convenience to all parties in interest and in the interest of judicial economy, Debtor requests the Plan Deadline to coincide with the Filing Exclusivity Period extension of July 27, 2026.

### III. The Sixth Circuit Standard from *Dow Corning*

26. Courts within the Sixth Circuit evaluate requests to extend exclusivity based on the totality of the circumstances. *See In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997). The *Dow* Court identified a list of nine non-exhaustive factors relevant to determining whether a debtor has had an adequate opportunity to develop and propose a chapter 11 plan and whether "cause" exists to extend the exclusivity period. The *Dow* Factors include, but are not limited to, the following:

> (a) the size and complexity of the case;
> (b) the existence of good-faith progress toward reorganization;
> (c) whether the debtor is paying its debts as they become due;
> (d) whether the debtor has made progress negotiating with creditors;
> (e) the length of time the case has been pending; and
> (f) whether the debtor is seeking an extension to pressure creditors.

*See In re Dow Corning*, 208 B.R. at 664–65; *see also In re Energy Conversion Devices*, 474 B.R. at 507; *In re Adelphia Communs. Corp.*, 352 B.R. 578, 587–88 (Bankr. S.D.N.Y. 2006); *In re Mich. Produce Haulers, Inc.*, 525 B.R. 408, 413 (Bankr. W.D. Mich. 2015).

27. Not all factors are relevant to every case. Courts apply only the relevant subset to determine whether cause exists. *See In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.C. 1986); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr.

E.D. Pa. 1986); *In re Mich. Produce Haulers*, 525 B.R 408. As set forth below, the relevant factors weigh strongly in favor of the requested 60-day extension of the Exclusivity Periods.

**A. Relevant *Dow* Factors support a 60-day extension**

*The Case Presents Meaningful Complexity*

28.     Although this is a single-debtor SARE case, it involves a multi-faceted real estate development with four distinct revenue streams: long-term residential rentals, short-term rentals, ground-floor retail operations, and a proprietary MicroGrid energy facility with associated carbon credit revenues; each requiring separate financing, operational infrastructure, staffing, and management. Properly structuring the Plan that incorporates new equity investment for the Development requires additional time beyond the initial statutory period.

29.     Additionally, the case has involved contested litigation leading to Debtor's SARE designation, which has necessarily consumed time and resources that would otherwise have been devoted to the Plan and the finalization of Exit Financing.

30.     Furthermore, the transition in management following the death of Debtor's sole member in October 2025 has added a layer of complexity to this case. Debtor's responsible person, Heidi Poscher, has stepped into an extraordinarily difficult leadership role under challenging personal and professional

circumstances, and the resulting transition has appropriately impacted the pace of the Exit Financing negotiations and Plan-related activities.

***Debtor is Making Substantial Good-Faith Progress Toward Reorganization, Including Advanced Exit-Financing Negotiations***

31. This factor weighs heavily in favor of the requested extension. Since the Petition Date, Debtor has made meaningful and demonstrable progress toward reorganization, most significantly through its active and ongoing Exit Financing negotiations.

32. Debtor has been engaged in substantive discussions with prospective lenders and equity investors to secure full Exit Financing. Those negotiations have progressed materially: a term sheet for new equity investment and financing terms is currently being negotiated. If consummated, the Exit Financing would eliminate the primary source of secured creditor pressure in this case, provide the funding necessary to advance the Development, and pay all allowed creditor claims in full.

33. The progress achieved in the Exit Financing negotiations is precisely the type of good-faith reorganization activity that warrants an extension of the Exclusivity Periods. Courts in the Sixth Circuit and elsewhere have consistently recognized that a debtor's active and substantive pursuit of the financing necessary to fund a plan of reorganization constitutes good-faith progress toward reorganization. *See In re Dow Corning Corp.*, 208 B.R. at 665 (finding good-faith progress where debtor was actively pursuing negotiations with key constituencies

toward plan consensus); *see also In re Borders Grp., Inc.*, 460 B.R. 818, 826 (Bankr. S.D.N.Y. 2011) (extending exclusivity where debtor was engaged in active negotiations necessary to formulate and propose a plan); *In re Hoffinger Indus.*, 292 B.R. 639 (B.A.P. 8th Cir. 2003) (recognizing that active financing negotiations support an exclusivity extension).

34.     The 60-day extension of the Exclusivity Periods sought here is narrowly tailored to provide only the additional time necessary to complete the term-sheet negotiations, finalize the Exit Financing commitment, and translate those results into a Plan and disclosure statement. Denying the extension at this critical juncture would be counterproductive and would risk disrupting negotiations that are directly in the interest of all creditors.

***Debtor is Paying its Obligations, Including its SARE Obligations Under Section 362(d)(3)***

35.     Since the Petition Date, Debtor has been meeting its post-petition obligations in the ordinary course. Critically, consistent with the SARE designation and in satisfaction of the requirements of 11 U.S.C. § 362(d)(3), Debtor has elected to commence making the Interest-Only Payments to CNB at the applicable non-default contract rate of interest on the value of CNB's interest in the Development. This election reflects Debtor's commitment to responsible stewardship of the estate and its good-faith effort to satisfy its statutory obligations while completing its Exit Financing negotiations. *See In re Dow Corning Corp.*, 208 B.R. at 665.

36. Debtor's election to make the Interest-Only Payments, rather than allowing the automatic stay to be lifted, is itself strong evidence of good faith and demonstrates Debtor's commitment to reorganization.

***Debtor has Made Meaningful Progress in Negotiations with its Secured Creditors and Prospective Exit Lenders***

37. CNB and Brownstone hold liens on a property appraised at $61,300,000 against aggregate secured debt of approximately $25 million, resulting in an equity cushion that more than adequately protects their respective interests. If the Exit Financing is consummated on the terms being negotiated, CNB and Brownstone will be paid in full, and their liens will be discharged. Debtor's case is not one in which secured creditors face the prospect of receiving less than full satisfaction of their claims; to the contrary, the Exit-Financing negotiations are oriented entirely toward their full payment.

***This Case is at a Very Early Stage***

38. This case is at an early stage,[5] and courts have consistently recognized that where a debtor is diligently pursuing plan-related activities in the early months of a chapter 11 case, an extension of the exclusivity periods is appropriate. *See In*

---

[5] The Petition Date was January 27, 2026. The initial 120-day Filing Exclusivity Period expires approximately May 27, 2026, and the initial 180-day Solicitation Exclusivity Period expires approximately July 26, 2026. Debtor is requesting a 60-day extension of each period bringing the Filing Exclusivity Period to approximately July 27, 2026, and the Solicitation Exclusivity Period to approximately September 23, 2026

*re Dow Corning Corp.*, 208 B.R. at 665; *see also In re Borders Grp., Inc.*, 460 B.R. at 826 (approving 120-day exclusivity extension and recognizing that debtors "busy satisfying the general requirements of a chapter 11 case" should have additional time "to present creditors with a more refined business model and projections for future operations—all of which are necessary for filing both a disclosure statement and plan.").

39. The relatively short duration of this case, combined with the meaningful progress Debtor has made toward securing Exit Financing and the active state of term-sheet negotiations, strongly supports the conclusion that an additional 60 days is not only reasonable but necessary to allow the reorganization process to reach its natural conclusion.

***The Extension is Not Sought to Pressure Creditors***

40. Debtor is not seeking this extension as a tactical device to pressure its secured creditors. The secured lenders, and in particular CNB, are more than adequately protected by the substantial equity cushion in the Development, and Debtor is commencing the Interest-Only Payments under section 362(d)(3). Debtor's Exit Financing will pay CNB and all other allowed claims in full. The extension of the Exclusivity Periods is sought solely to provide sufficient time to bring those negotiations to a successful conclusion. *See In re Dow Corning Corp.*, 208 B.R. at 665; *see also In re Marelli Automotive Lighting USA LLC et al.*, No.

25-11034 (CTG) (Bankr. D. Del. Jan. 22, 2026).

### IV.    A SARE Designation Does Not Preclude Extension of the Exclusivity Periods

41.    The SARE designation imposes certain obligations under section 362(d)(3) of the Bankruptcy Code. However, the SARE designation does not eliminate or restrict this Court's independent authority under section 1121(d) to extend the Exclusivity Periods for cause. Sections 362(d)(3) and 1121(d) operate independently of one another. Nothing in section 362(d)(3) or the broader SARE framework limits a SARE debtor's right to seek, or a court's authority to grant, an extension of the Exclusivity Periods under section 1121(d). *See In re Marble Cliff Crossing Apts.*, 2012 Bankr. LEXIS 5109 (Bankr. S.D. Ohio Oct. 27, 2012) (This case was a SARE from the outset and the court granted Debtor multiple extensions of the exclusivity period under 1121(d) for cause shown)

42.    A SARE debtor that has elected to make interest-only payments under section 362(d)(3), and thereby maintained the automatic stay, stands in the same position as any other chapter 11 debtor with respect to exclusivity. Debtor's satisfaction of the above-listed *Dow* Factors constitutes independent cause to extend the Exclusivity Periods under section 1121(d), regardless of the SARE designation.

43.    No prior request for the relief sought in this Motion has been made to this or any other court.

44.   Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Michigan; (b) counsel for County National Bank; (c) counsel for Brownstone Realty Advisors, LLC; (d) counsel for Prentice Partners of Ann Arbor, LLC; (e) the Internal Revenue Service; (f) the Michigan Department of Treasury; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

WHEREFORE, Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto: (a) amending the Scheduling Order to extend the Plan Deadline by 90 days through and including July 27, 2026; (b) extending the Filing Exclusivity Period by 60 days through and including July 27, 2026; (c) extending the Solicitation Exclusivity Period by 60 days through and including September 23, 2026; (d) providing that such extensions are without prejudice to Debtor's rights to seek further extensions consistent with § 1121(d) of the Bankruptcy Code or any party in interest's rights to seek termination of such periods; and (e) granting such other and further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

/s/ Jay L. Welford___
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
Anthony Cimini (P86223)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com
acimini@taftlaw.com

Dated: April 9, 2026          *Counsel to the Debtor, South Town by 4M LLC*

# EXHIBIT A

# Proposed Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 26-40805-lsg

South Town by 4M LLC,                           Chapter 11

        Debtor.                                 Hon. Lisa S. Gretchko

_____/

## ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) EXTENDING THE DEADLINE TO FILE A CHAPTER 11 PLAN AND (B) EXTENDING THE DEBTOR'S EXCLUSIVITY PERIOD TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121 OF THE BANKRUPTCY CODE

This matter is before the Court on Debtor, South Town by 4M LLC's ("Debtor" or "Debtor in Possession"), by and through its attorneys, for its *Motion for Entry of an Order (a) Extending the Deadline to File a Chapter 11 Plan and (b) Extending the Debtor's Exclusivity Period to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to 11 U.S.C. § 1121 of the Bankruptcy Code* (the "Motion") [ECF No. ____]. The Court having held a hearing and heard argument on the Motion, and being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED** that Debtor's Motion is granted.

**IT IS FURTHER ORDERED** that the deadline for Debtor to file its Chapter 11 plan is extended to July 27, 2026.

**IT IS FURTHER ORDERED** that the exclusivity period for Debtor to file its Chapter 11 plan is extended to July 27, 2026.

**IT IS FURTHER ORDERED** that the exclusivity period for Debtor to solicit acceptances of its Chapter 11 plan is extended to September 23, 2026.