**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

South Town by 4M LLC,                                    Chapter 11
                                                        Case No. 26-40805-lsg
                                                        Hon. Lisa S. Gretchko

                            Debtor.

_____/

**AMENDED EXHIBIT D,**
**REDLINED VERSION OF REVISED PROMISSORY NOTE**

Now Comes Heidi Poscher, Creditor herein, by and through her attorneys

Maddin, Hauser, Roth & Heller, P.C., and submits an Amended Exhibit D, the

Redlined Version of Revised Promissory Note, to the Motion which was filed with

the Court on April 9, 2026 [Docket No. 79].

                            Respectfully submitted,

                            MADDIN HAUSER ROTH & HELLER, PC

                             */s/ Julie B. Teicher*
                            JULIE B. TEICHER (P34300)
                            Counsel for Heidi Poscher
                            One Towne Square, 5th Floor
                            Southfield, MI 48087
                            248-354-4030
                            jteicher@maddinhauser.com

Dated: April 21, 2026

# PROMISSORY NOTE[1]

Dated:  April     , 2026

**FOR VALUE RECEIVED, South Town by 4M LLC** ("Borrower"), Debtor in Chapter 11 Case No. 26-40805-lsg in the U.S. Bankruptcy Court for the Eastern District of Michigan (the "Chapter 11 Case") promises to pay to the order of **Heidi Caroline Poscher** ("Lender") on the Maturity Date (as defined below) at 1919 S. Industrial Hwy, Ann Arbor, MI  48104 or at such other place as Lender may designate in writing, the principal sum equal to Four Hundred Thousand Dollars ($400,000.00)  or so much as has been advanced by Lender and not repaid pursuant to this Promissory Note (the "Note"), plus interest as hereinafter provided, in lawful money of the United States.

Subject to the terms of the Interim DIP Order (defined below), this Note shall be accorded super-priority administrative expense status in the Chapter 11 Case, pursuant to Bankruptcy Code Section 364(c)(1), and shall be secured by a lien  on Borrower's property that is not otherwise subject to a lien, pursuant to Bankruptcy Code Section 364(c)(2), and by a junior lien on Borrower's property that is subject to a lien, in accordance with Bankruptcy Code Section 364(c)(3).

All funds advanced must be used in accordance with the interim order ("Interim DIP Order") and/or the final order ("Final DIP Order") of the United States Bankruptcy Court for the Eastern District of Michigan in Borrower's Chapter 11 Case approving this Note and the debtor-in-possession financing from Lender to Borrower only for payment of ~~adequate protection~~interest payments to County National Bank, the City of Ann Arbor and/or Washtenaw County Treasurer (for ~~(~~real estate taxes), The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees ~~s~~as set forth in the Budget (as defined in the Interim DIP Order).

Borrower's ability to request advances under this Note shall terminate on the earlier of an Event of Default (as described below) or the date that is one hundred twenty (120) days after the entry of the Final DIP Order (the "Termination Date"), unless the Termination Date is extended by written agreement  of Lender and Borrower.

The unpaid principal balance outstanding from time to time under this Note shall bear interest at seven percent (7%) per annum.  Interest shall be calculated on the basis of a 360 day year for the actual number of days elapsed.  In the event of default, the "Default Rate" shall be nine percent (9%) per annum.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Interim DIP Order. **[Can't refer to the Final DIP Order here, because this note will be signed before the Final DIP Order…]**

The unpaid principal balance and all accrued interest thereon shall be due and payable in full on the effective date of Debtor's confirmed Chapter 11 Plan in the Bankruptcy Case (the "Maturity Date"). **[Insert provision for payment of amounts owing to Lender to be paid to CNB in trust to give effect to Heidi Poscher's subordination agreement regarding CNB.]**, or earlier upon acceleration upon an Event of Default (as described below). All rights of Lender under this Note are subject to Lender's contractual obligations to County National Bank, including without limitations, Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023. All payments to Lender under this Note will be held in trust for, and paid to, County National Bank unless County National Bank has been fully paid.

Any payment made by Borrower will be deemed tendered and received only upon actual receipt (time being of the essence) by Lender. Borrower hereby expressly assumes all risk of loss or liability resulting from non-delivery or delay in delivery of any payment transmitted by mail or in any other manner.

Borrower may prepay all or any portion of the indebtedness outstanding hereunder at any time, without premium or penalty.

Nothing herein contained, nor any transaction relating thereto, or hereto, shall be construed or operate to require Borrower to pay, or be charged, interest at a greater rate than the maximum allowed by the applicable law relating to this Note. Should any interest or other charges, charged, paid or payable by Borrower in connection with this Note, or any other document delivered in connection herewith, result in the charging, compensation, payment or earning of interest in excess of the maximum allowed by the applicable law as aforesaid, then any and all such excess shall be and the same is hereby waived by the holder, and any and all such excess paid shall be automatically credited against and in reduction of the principal due under this Note.

If any Event of Default (as defined in the Interim DIP Order) occurs under the Interim DIP Order, it shall also constitute an "Event of Default" under this Note.

Upon the occurrence of an Event of Default: (a) the entire unpaid principal balance and all accrued interest shall at the sole option of Lender be immediately due and payable, without presentment, demand, protest or any further notice or any other formalities of any kind, all of which are hereby expressly and irrevocably waived, together with (to the extent permitted under applicable law) the reasonable and documented costs, fees and expenses, including but not limited to attorneys' fees, reasonably incurred by Lender in connection with Borrower, including in collecting or enforcing payment, (b) the outstanding principal amount hereof shall bear interest at the Default Rate, (c) Lender may proceed to protect and enforce all or any of its rights, remedies, powers and privileges under this Note by action at law, suit in equity or other appropriate proceedings, and (d) any commitment or obligation, if any, on the part of Lender to make loans or otherwise extend credit to or in favor of Borrower shall immediately terminate.

All payments shall, at the option of Lender, first be applied against any and all fees, costs and expenses (including expenses of collection), then against accrued interest, and the balance

against principal.  Acceptance by Lender of any payment in an amount less than the amount then due shall be deemed an acceptance on account only, and the failure to pay the entire amount then due shall be and continue to be an Event of Default.

Borrower hereby waives presentment for payment, demand, notice of non-payment, notice of protest and protest of this Note, diligence in collection or bringing suit.

No delay or omission of the Lender to exercise any right under this Note impairs that right nor can it be construed to waive any Event of Default or acquiesce in any Event of Default, and the making of an advance notwithstanding the existence of an Event of Default or the inability of the Borrower to satisfy the conditions precedent to such advance does not constitute a waiver or acquiescence. Any single or partial exercise of any right does not preclude any other or further exercise of it or the exercise of any other right, and no waiver, amendment or other variation of the terms of this Note is valid unless in writing signed by Borrower and Lender, and then only to the extent that such writing specifies. All remedies contained in this Note or afforded by law are cumulative and all are available to the Lender until this Note has been paid in full.

Subject to the priority of payment to Borrower's creditors, Lender is entitled to reimbursement of  any reasonable and documented costs, internal charges and out-of-pocket expenses (including attorneys' fees of attorneys for the Lender) paid or reasonably incurred by the Lender in connection with the preparation, review, execution, delivery, amendment, modification, administration, collection and enforcement of this Note.

The terms of this Note bind and benefit the Borrower and the Lender and their respective successors and assigns. However, neither Borrower nor Lender shall not assign their respective rights or obligations under this Note.

This Note is to be construed in accordance with the internal laws (but not the law of conflicts) of the State of Michigan.

**IN RECOGNITION OF THE HIGHER COSTS AND DELAY WHICH MAY RESULT FROM A JURY TRIAL, BORROWER AND LENDER WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING HEREUNDER OR IN CONNECTION WITH THE OBLIGATIONS, OR (B) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND BORROWER FURTHER WAIVES ANY RIGHT TO CONSOLIDATE ANY SUCH ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED; AND BORROWER HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY HERETO MAY FILE AN ORIGINAL COPY OF THIS NOTE WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF BORROWER TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY.**

**[Signatures on the following page.]**

[Signature Page to Promissory Note]

"**BORROWER**"

**South Town by 4M LLC**

By: _____

Its: _____

Address: _____

_____

**ACCEPTED AND AGREED TO:
"LENDER"**

_____

**Heidi Caroline Poscher**

| Summary report: Litera Compare for Word 11.12.0.83 Document comparison done on 4/21/2026 4:27:22 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4920-0888-2595/1/Note-CLEAN 4-20-26 (ECF 79) [JUDGE GRETCHKO's DRAFT 4.20.26].docx | |
| **Modified DMS:** nd://4906-4871-1332/1/Promissory Note 4 21 2026 revised.docx | |
| **Changes:** | |
| Add | 24 |
| Delete | 11 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 35 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

South Town by 4M LLC,

                            Chapter 11
                            Case No. 26-40805-lsg
                            Hon. Lisa S. Gretchko

                  Debtor.

_____/

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2026, I electronically filed an *Amended Exhibit D,  Redlined Version of Revised Promissory Note* with the Clerk of the Court using the ECF system which will send notification of such filing to ECF participants in this matter.

                                      */s/ Julie B. Teicher*
                                      JULIE B. TEICHER (P34300)
                                      Maddin, Hauser, Roth & Heller, PC
                                      Counsel for Heidi Poscher
                                      One Towne Square, 5th Floor
                                      Southfield, MI 48087
                                      248-354-4030
                                      jteicher@maddinhauser.com

Dated: April 21, 2026