**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

South Town by 4M LLC,

Chapter 11
Case No. 26-40805-lsg
Hon. Lisa S. Gretchko

Debtor.

_____/

**AMENDED EXHIBIT A, REDLINE OF PROPOSED  INTERIM ORDER (A) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION SECURED FINANCING; AND (B) GRANTING LIENS, SECURITY INTERESTS, AND SUPERIORITY CLAIM**

Now Comes Heidi Poscher, Creditor herein, by and through her attorneys

Maddin, Hauser, Roth & Heller, P.C., and provides *Amended Exhibit A, Redline of*

*Proposed Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured*

*Financing; and (B) Granting Liens, Security Interests, and Superiority Claim*, to the

Motion which was filed with the Court on April 9, 2026 [Docket No. 79].

Respectfully submitted,

MADDIN HAUSER ROTH & HELLER, PC


 */s/ Julie B. Teicher*
JULIE B. TEICHER (P34300)
Counsel for Heidi Poscher
One Towne Square, 5th Floor
Southfield, MI 48087
248-354-4030
Dated: April 21, 2026          jteicher@maddinhauser.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In ~~re~~Re:

Case No. 26-40805-lsg

~~Case No. 26-40805-lsg~~

~~Chapter 11~~

South Town by 4M LLC, ~~Debtor.~~
Chapter 11

Hon. Lisa S. Gretchko

_____/

4907-8309-6995, v. 1

4/20/26 Version

_____ Debtor.

_____/

## INTERIM ORDER (A) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION SECURED FINANCING; AND (B) GRANTING LIENS, SECURITY INTERESTS, AND SUPERPRIORITY CLAIM

This matter came before the Court upon the Debtor's Motion for Entry of an Order (a) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (b) Granting Liens, Security Interests, and Superpriority Claim ("Motion"; ECF No. 79), and the responses thereto filed by County National Bank ("CNB Response"; ECF No. 86) and by the Washtenaw County Circuit Court Receiver of certain assets of Prentice Partners of Ann Arbor, LLC ("Prentice Receiver's Response"; ECF No. 92). On April 20, 2025, and April 22, 2026, the Court held an expedited interim hearing on the Motion and the Objections ("Interim Hearing"). The notice given of the Motion and the Interim Hearing thereon constitutes due and sufficient notice thereof and complies with Fed.R.Bankr.P. 4001(c)(2)(A). Counsel for each of the Debtor, County National Bank, the Washtenaw County Circuit Court Receiver of Prentice Partners of Ann Arbor, LLC, Heidi Poscher, and the United States Trustee appeared at the Interim Hearing. The Court has reviewed the Motion, the Objections and other pertinent pleadings, has considered the statements made at the Interim Hearing, and is advised in the premises.

THE COURT HEREBY FINDS that:

2

*[Link-to-previous setting changed from on in original to off in modified.].*

A. Good and sufficient cause has been shown for the entry of this Interim Order and the interim relief granted herein is necessary to avoid immediate and irreparable harm to the Debtor and its estate pending the Final Hearing. [1]

B. The Debtor has an immediate and critical need to obtain financing pursuant to the DIP Note to provide ~~adequate protection~~<u>interest</u> payments to County National Bank ("CNB"), Washtenaw County and/or City of Ann Arbor Real Estate Taxes, <u>The Albert M. Higley Co., LLC ("Higley")</u> and payment of U.S. Trustee fees, in order to allow the Debtor additional time to formulate its plan of reorganization ("Plan").

C. The Debtor is unable to obtain financing on more favorable terms from sources other than the DIP Lender under the DIP Note, and is unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.

D. The Debtor is unable to obtain secured credit allowable under sections 364(c)(1), 364(c)(2) and 364(c)(3) of the Bankruptcy

---

[1] Capitalized terms used but not defined in this Order shall have the meaning ascribed to them in the Motion.

Code without the Debtor granting to the DIP Lender the DIP Liens and the Superpriority Claim (as defined herein) under the terms and conditions set forth in this Interim Order and in the DIP Note.

E.  The terms of the DIP Note are objectively fair and reasonable, and the DIP Obligations constitute reasonably equivalent value and fair consideration.

F.  The DIP Note has been negotiated in good faith, and represent a reasonable loan arrangement among the Debtor and the DIP Lender.

G.  It is appropriate that the DIP Lender is entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Interim Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

H.  E. The Debtor has requested entry of this Interim Order pursuant to Fed.R.Bankr.P. 4001(c)(2).  Absent granting the relief set forth in this Interim Order, the Debtor's estate will be immediately and irreparably harmed.  Consummation of the DIP Note in accordance with this Interim Order is in the best interests of the Debtor's estate.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

4

1.      1.      The Motion is granted on an interim basis in accordance with the terms of this Interim Order.

2.      2.      The Debtor is  authorized to borrow money from Heidi Caroline Poscher, the responsible person for the Debtor, in an aggregate principal amount of up to $133,000.00 ("Interim Draw Amount")  prior to entry of a Final Order pursuant to the terms of the DIP Note, which borrowings shall be used only for payment of adequate protectioninterest payments to CNB, Washtenaw County and/or City of Ann Arbor Real Estate Taxes, Higley and payment of U.S. Trustee fees as set forth in the revised budget filed on April —21, 2026 ("Budget"; ECF No. —96).

3.      3.      The Debtor is authorized to execute and deliver the DIP Note, provided, however, that pending entry of a Final Order granting the Motion, the Debtor is only permitted to borrow up to the Interim Draw Amount pursuant to the DIP Note.

4.      Upon the Debtor's execution and delivery of the DIP Note, the DIP Note and the DIP Obligations shall constitute valid, binding and unavoidable obligations of the Debtor, enforceable against Debtor in accordance with the terms thereof and of this Interim Order. No obligation, payment, transfer or grant of security under the DIP Note or this Interim Order shall be stayed, restrained, voidable, or recoverable under the Bankruptcy Code or under any applicable law (including without limitation, any claim or cause of action under sections 502(d),

5

4/20/26 Version

544, 545, 547, 548, 549, 550 and 551 of the Bankruptcy Code, or any other avoidance actions under the Bankruptcy Code (collectively, "Avoidance Actions") or under any applicable Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or other similar state statute or common law), or subject to any defense, reduction, setoff, recoupment, recharacterization, subordination, disallowance, impairment, cross-claim or counterclaim.

5. 4. Pursuant to section 364(c)(1) of the Bankruptcy Code and only to the extent of the amount that the Debtor borrows under the DIP Note pursuant to this Interim Order, the DIP Lender shall have an allowed claim against the Debtor with priority over any and all administrative expenses, diminution claims and all other claims against Debtor (other than existing liens of record), now existing or hereafter arising, of any kind whatsoever, including, without limitation, all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code., and over any and all administrative expenses or other claims arising under sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 726, 1113 or 1114 of the Bankruptcy Code (the "Superpriority Claims"), whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy or attachment, which allowed claims shall be payable from and have recourse to all pre-petition and post-petition property of the Debtor and its estate and all proceeds thereof.

6

6. 5. As security for the amount that the Debtor borrows under the DIP Note pursuant to this Interim Order, effective and perfected upon entry of this Interim Order (and without the necessity of filing a financing statement or recording any document): (i) except as set forth in paragraph 1325, below, pursuant to section 364(c)(2) of the Bankruptcy Code, the DIP Lender is granted a lien on all property of the Debtor's estate that is not otherwise subject to a lien, and (ii) pursuant to section 364(c)(3) of the Bankruptcy Code, the DIP Lender is granted a junior lien on all property of the Debtor's estate that is subject to a lien.; provided, for the avoidance of doubt, and notwithstanding anything to the contrary contained herein, to the extent a lien cannot attach to any of the foregoing pursuant to applicable law, the liens granted pursuant to this Interim Order shall attach to the Debtor's economic rights, including, without limitation, any and all proceeds of all of the foregoing.

7. 6. In all instances, the liens granted to the DIP Lender pursuant to this Interim Order are subject to existing mortgage liens in favor of County National Bank, Prentice Partners of Ann Arbor, LLC, and Brownstone Realty Advisors, LLC and Permitted Third Party Liens[2] (All liens and security interests granted to the DIP

---

[2] Permitted Third Party Liens" shall mean any liens that are senior by operation of law (including liens securing the payment of real property taxes and any such liens that are perfected subsequent to the Petition Date as permitted by Bankruptcy Code Section 546(b)).

Lender pursuant to this Interim Order and the DIP Note are collectively, the "DIP Liens").

8. ~~7.~~ All such security interests provided in this Interim Order shall be created and perfected automatically pursuant to this Interim Order. Notwithstanding the foregoing, the DIP Lender shall not have any lien or security interest in any property of the Debtor as to which the granting of a lien or security interest in such assets would be prohibited by contract, covenant, or applicable law. ~~For the avoidance of doubt, the DIP Lender shall not have any lien or security interest in any site plan approval, zoning approval, or other approval(s) that the Debtor has obtained regarding its real property.~~

9. The DIP Lender shall have no obligation to make any loan under the DIP Note unless all of the conditions precedent to the making of such loan under the DIP Note and this Interim Order, as applicable, have been satisfied in full or waived by the DIP Lender in accordance with the terms of the DIP Note.

10. The DIP Lender is hereby authorized, but not required, to file or record (and to execute in the name of the Debtor, as their true and lawful attorney, with full power of substitution, to the maximum extent permitted by law) financing statements, mortgages, deeds of trust, notices of lien or similar instruments in any jurisdiction, or take any other action, in each case in order to validate and perfect the liens and security interests granted to it hereunder. Whether or not the DIP Lender,

4924-0029-1748, v. 1

in its sole discretion, chooses to file such financing statements, mortgages, deeds of trust, notices of lien or similar instruments, or otherwise confirm perfection of the liens and security interests granted hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination at the time and date of the entry of this Interim Order.

11. 8. A certified copy of this Interim Order may, in the discretion of the DIP Lender, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, deeds of trust, notices of lien or similar instruments, and all filing offices are hereby authorized to accept such certified copy of this Interim Order for filing and recording. For the avoidance of doubt, the automatic stay of section 362(a) of the Bankruptcy Code shall be modified to the extent necessary to permit the DIP Lender to take all actions, as applicable, referenced in this paragraph and in the immediately preceding paragraph.

12. No post-petition claim or lien having a priority superior to or *pari passu* with those granted by the DIP Note and this Interim Order to the DIP Lender shall be granted or allowed while any portion of the DIP Note or the DIP Obligations remain outstanding, and the DIP Liens shall not be: (i) subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Debtor's estate under section 551 of the Bankruptcy Code; or (ii) subordinated to or made *pari passu*

9

with any other lien or security interest, whether under section 364(d) of the Bankruptcy Code or otherwise.

13.     It shall constitute an Event of Default hereunder if the Debtor seeks, or if there is entered: (i) any modifications or extensions of this Interim Order without the prior written consent of the DIP Lender, and no such consent shall be implied by any other action, inaction or acquiescence by the DIP Lender; (ii) an order converting or dismissing this Bankruptcy Case; (iii) an order appointing a chapter 11 trustee in this Bankruptcy Case, without the consent of the DIP Lender; or (iv) an order appointing an examiner with enlarged powers in this Bankruptcy Case. In the event of the entry of any order dismissing this Bankruptcy Case under section 1112 of the Bankruptcy Code or otherwise, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that (x) the Superpriority Claims and security interests granted to the DIP Lender, pursuant to this Interim Order and the DIP Note, shall continue in full force and effect and maintain their priorities as provided in this Interim Order until all DIP Obligations have been paid and satisfied in full (and that such Superpriority Claims, DIP Liens and security interests, shall, notwithstanding such dismissal, remain binding on all parties in interest) and (y) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to in clause (x) above.

10

14. 9 -If any or all of the provisions of this Interim Order are hereafter reversed, modified, vacated or stayed, such reversal, modification, vacation or stay shall not affect (i) the validity of any of the Debtor's obligations to the DIP Lender incurred prior to the actual receipt of written notice by the DIP Lender of such reversal, modification, vacation or stay, or (ii) the validity or enforceability of any lien or priority authorized or created by this Interim Order.

15. Except as expressly provided in this Interim Order or in the DIP Note, the DIP Liens, the Superpriority Claims and all other rights and remedies of the DIP Lender granted by the provisions of this Interim Order and the DIP Note shall survive, and shall not be modified, impaired or discharged by any of: (i) the entry of an order converting this Bankruptcy Case to a case under chapter 7 or dismissing this Bankruptcy Case; (ii) the entry of an order approving the sale of any DIP Collateral or pursuant to section 363(b) of the Bankruptcy Code (except to the extent permitted by the DIP Note and hereunder); or (iii) the entry of an order confirming a plan of reorganization in this Bankruptcy Case. The terms and provisions of this Interim Order and the DIP Note shall continue in this Bankruptcy Case, in any successor case(s), or in any superseding chapter 7 case(s) under the Bankruptcy Code, and the DIP Liens, the Superpriority Claims and all other rights and remedies of the DIP Lender granted by the provisions of this Interim Order and the DIP Note shall continue in full force and effect until the DIP Obligations are indefeasibly paid

11

in full unless otherwise consented to, in writing, in advance, by the DIP Lender, in its sole discretion.

16.   10.   The proceeds of the DIP Loan shall only be used in accordance with the terms of DIP Note, the Budget, and this Interim Order.

17.   The occurrence or existence of any of the following shall constitute additional Events of Default hereunder, in addition to any and all defaults and Events of Default provided in the DIP Note, which are explicitly incorporated by reference in this Interim Order, and shall collectively be referred to herein as an "Event of Default":

(a)   The Debtor does not pay on the due date any amount payable pursuant to any of the DIP Note or this Interim Order at the place and in the amount required to be paid.

(b)   The Debtor does not comply with any provision of the DIP Note or this Interim Order or any Final Order entered in this Bankruptcy Case (other than those referred to in the foregoing subsection).

(c)   Any post-petition indebtedness of the Debtor to any party is declared to be or otherwise becomes due and payable before its specified maturity.

(d)   Any creditor of the Debtor becomes entitled to declare any indebtedness of the Debtor due and payable before its specified maturity

12

as a result of an event of default (however described) and receives relief from stay to exercise its remedies.

(c)    It is or becomes unlawful for Debtor to perform any of its obligations under the DIP Note or this Interim Order or any Final Order entered in this Bankruptcy Case.

(f)    The Debtor repudiates any of the DIP Note or evidences an intention to repudiate any of the DIP Note or this Interim Order or any Final Order entered in this Bankruptcy Case.

(g)    The DIP Note is not (or is claimed by the Debtor not to be) in full force and effect.

(h)    The holder of any lien on any of the assets of the Debtor receives relief from stay to commence or attempt to commence any enforcement or remedy with respect to any such assets.

(i)    This Court shall enter any order(s) (i) amending, reversing, revoking, supplementing, altering, staying, vacating, rescinding or otherwise modifying this Interim Order or any other order with respect to this Bankruptcy Case affecting in any material respect the DIP Note, (ii) appointing a Chapter 11 trustee or an examiner in the Case with enlarged powers relating to the operation of the business of the Debtor pursuant to section 1104 of the Bankruptcy Code, (iii) dismissing this Bankruptcy

13

*[Link-to-previous setting changed from on in original to off in modified.].*

Case or converting this Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code, or (iv) granting relief from the automatic stay for a lien on the assets of the Debtor to permit any foreclosure upon any of the DIP Collateral or assets of the estate.

(j)     Any order(s) is entered by this Court approving a motion filed in this Bankruptcy Case approving any superpriority claims in this Bankruptcy Case which are *pari passu* with or senior to the claims of the DIP Lender against the Debtor unless after giving effect to the transactions contemplated by such motion, all of the DIP Obligations (as defined in the DIP Note) shall be either (i) senior in all respects, or (ii) indefeasibly paid in full in cash in their sole discretion.

(k)     Any motion shall be filed by the Debtor in the Bankruptcy Case (i) seeking to obtain additional financing under section 364 of the Bankruptcy Code without the consent of the DIP Lender that is not subordinate to the rights and remedies of the DIP Lender hereunder or, in the alternative, does not provide for the indefeasible and immediate repayment of the DIP Obligations in cash at the closing of such new financing, (ii) subject to the entry of the Final Order, to recover from any portion of the DIP Collateral any costs or expenses of preserving or disposing of such DIP Collateral under section 506(c) of the Bankruptcy

14

Code, or (iii) to take any other action or actions adverse to rights and remedies of the DIP Lender hereunder or under the DIP Note or this Interim Order or any Final Order entered in this Bankruptcy Case.

(l)     If an order is entered dismissing the Case which does not contain a provision for payment in full in cash of all DIP Obligations of the Interim Order or any Final Order entered in this Bankruptcy Case or the DIP Note.

18.     All DIP Obligations shall be immediately due and payable and all commitments to extend credit under the DIP Note shall terminate the earlier of: (i) an Event of Default or (ii) the date that is one hundred twenty (120) days after the entry of the Final DIP Order (the "Termination Date").

19.     Upon an Event of Default or the Termination Date, the DIP Lender may exercise any rights or remedies available to it under this Interim Order, the UCC, the DIP Note, the Bankruptcy Code, applicable law, equity or otherwise. Such rights and remedies are cumulative, not exclusive, and enforceable in the discretion of the DIP Lender.

20.     Upon and Event of Default or the Termination Date, all reasonable and documented post-petition fees and out-of-pocket expenses of the DIP Lender in connection with the DIP Note and the Bankruptcy Case, including without limitation, the fees, costs and out-of-pocket expenses of the DIP Lender's professionals, shall be part of the DIP Obligations. The DIP Lender shall have the

15

*[Link-to-previous setting changed from on in original to off in modified.].*

right to charge the DIP Note for any such fees and costs. To the extent the DIP Lender charges the DIP Note for such fees and costs, they will become part of the DIP Note.

21.     This Interim Order does not create any rights for the benefit of any third party, creditor, lessor, equity holder, or any direct, indirect, or incidental beneficiary.

22.     All rights of the DIP Lender under this Order are subject to DIP Lender's contractual obligations to CNB, including, without limitation, DIP Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023.

11 23. This Court shall retain jurisdiction to enforce this Interim Order according to its terms.  In the event of any inconsistency between the provisions of this Interim Order and the DIP Note, the provisions of this Interim Order shall govern.

12 24. This Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of the effectiveness of this Interim Order.

13 25. Notwithstanding anything to the contrary in this Interim Order, or in the DIP Note, or in any other document or instrument whatsoever, any security interest or lien granted to the DIP Lender *excludes* (i) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code ("Avoidance Claims"), (ii) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("Avoidance

16

Proceeds"), (iii) any intercompany claims, and (iv) any claims against the estate of Margaret Poscher, Prentice Partners of Ann Arbor, LLC, or any entity or estate in which Heidi Poscher has a direct or indirect interest.

~~14~~26. The Debtor must, within twenty four (24) hours following the entry of this Interim Order, serve copies of this Interim Order on all secured creditors, all creditors included on the list filed under Fed.R.Bankr.P 1007(d), any adverse party relative to the relief requested in the Motion, any party that filed a response to the Motion, the United States Trustee, the Washtenaw County Circuit Court Receiver of Prentice Partners of Ann Arbor, LLC, and  all parties listed on the Court's mailing matrix in this case, and all other parties who are required to be served under Fed.R.Bankr.P. 4001(d), and E.D. Mich. LBR 9013-1.  **All parties seeking to object to the Motion or to this Interim Order (or to the entry of a final order on the Motion) must file a written objection by _____, 2026. The Final Hearing on the Motion shall be held on_____, 2026 at_____[a.m./p.m.].**

~~_____, 2026 at \_\_\_\_ [a.m./p.m.]~~

4924-0029-1748, v. 1

| Summary report: Litera Compare for Word 11.12.0.83 Document comparison done on 4/21/2026 5:23:27 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4907-8309-6995/1/CLEAN Version of REV. Borrowing Order (ECF 79) [JUDGE GRETCHKO's DRAFT 4.20.26].docx | |
| **Modified DMS:** nd://4924-0029-1748/2/Poscher - Amended Interim Financing Order  revised 5 15 pm.docx | |
| **Changes:** | |
| Add | 78 |
| Delete | 38 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 116 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

South Town by 4M LLC,

          Chapter 11
          Case No. 26-40805-lsg
          Hon. Lisa S. Gretchko

          Debtor.

_____/

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2026, I electronically filed *Amended Exhibit A, Redline of Proposed Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superiority Claim*, with the Clerk of the Court using the ECF system which will send notification of such filing to ECF participants in this matter.

           */s/ Julie B. Teicher*
          JULIE B. TEICHER (P34300)
          Maddin, Hauser, Roth & Heller, PC
          Counsel for Heidi Poscher
          One Towne Square, 5th Floor
          Southfield, MI 48087
          248-354-4030
          jteicher@maddinhauser.com

Dated: April 21, 2026