UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 26-40805

South Town By 4M, LLC,                          Chapter 11

        Debtor.                          Hon. Lisa S. Gretchko

_____/

## **EXHIBIT**

**AMENDED AND RESTATED**

**PROMISSORY NOTE**[1]-

Dated: May___, 2026

**FOR VALUE RECEIVED, South Town by 4M LLC** ("Borrower"), Debtor in Chapter 11 Case No. 26-40805-lsg in the U.S. Bankruptcy Court for the Eastern District of Michigan (the "Chapter 11 Case") promises to pay to the order of **Heidi Caroline Poscher** ("Lender") on the Maturity Date (as defined below) at 1919 S. Industrial Hwy, Ann Arbor, MI 48104 or at such other place as Lender may designate in writing, the principal sum equal to four Hundred Thousand Dollars ($400,000.00) (the "Debt") or so much as has been advanced by Lender and not repaid pursuant to this Promissory Note (the "Note"), plus interest as hereinafter provided, in lawful money of the United States. This Note includes all sums authorized and subject to the Promissory Note (ECF No. 103 in the Chapter 11 Case) entered into by and between Borrower and Lender pursuant to the *Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* (ECF No. 105 in the Chapter 11 Case).

Subject to the terms of the Final DIP Order (defined below), this Note shall be accorded super-priority administrative expense status in the Chapter 11 Case, pursuant to Bankruptcy Code Section 364(c)(1), and shall be secured by a lien on Borrower's property that is not otherwise subject to a lien, pursuant to Bankruptcy Code Section 364(c)(2), and by a junior lien on Borrower's property that is subject to a lien, in accordance with Bankruptcy Code Section 364(c)(3).

All funds advanced must be used in accordance with the final order ("Final DIP Order") of the United States Bankruptcy Court for the Eastern District of Michigan in Borrower's Chapter 11 Case approving this Note and the debtor-in-possession financing from Lender to Borrower only for payment of interest payments to County National Bank, the City of Ann Arbor and/or Washtenaw County Treasurer (for real estate taxes), The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees as set forth in the Budget (as defined in the Final DIP Order).

The unpaid principal balance outstanding from time to time under this Note shall bear interest at seven percent (7%) per annum. Interest shall be calculated on the basis of a 360 day year for the actual number of days elapsed. In the event of default, the "Default Rate" shall be nine percent (9%) per annum.

The unpaid principal balance and all accrued interest thereon shall be due and payable in full upon the earlier of (i) the effective date of Debtor's confirmed Chapter 11 Plan in the Bankruptcy Case, or (ii) the later of (a) 30 days after the expiration of Debtor's exclusivity and solicitation periods and (b) the date that is one hundred twenty (120) days after the entry of a final order approving the Final DIP Order (collectively, the "Maturity Date"). All rights of Lender under this Note are subject to Lender's contractual obligations to County National Bank, including without

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Final DIP Order.

1

limitations, Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023.  All payments to Lender under this Note will be held in trust for, and paid to, County National Bank unless County National Bank has been fully paid.

Borrower may prepay all or any portion of the indebtedness outstanding hereunder at any time, without premium or penalty.

Nothing herein contained, nor any transaction relating thereto, or hereto, shall be construed or operate to require Borrower to pay, or be charged, interest at a greater rate than the maximum allowed by the applicable law relating to this Note.  Should any interest or other charges, charged, paid or payable by Borrower in connection with this Note, or any other document delivered in connection herewith, result in the charging, compensation, payment or earning of interest in excess of the maximum allowed by the applicable law as aforesaid, then any and all such excess shall be and the same is hereby waived by the holder, and any and all such excess paid shall be automatically credited against and in reduction of the principal due under this Note.

If any Event of Default (as defined in the Final DIP Order) occurs under the Final DIP Order, it shall also constitute an "Event of Default" under this Note.

Borrower hereby waives presentment for payment, demand, notice of non-payment, notice of protest and protest of this Note, diligence in collection or bringing suit.

Neither Borrower nor Lender shall assign their respective rights or obligations under this Note (except the assignment of Lender's rights to County National Bank as stated above).

This Note is to be construed in accordance with the internal laws (but not the law of conflicts) of the State of Michigan.

**IN RECOGNITION OF THE HIGHER COSTS AND DELAY WHICH MAY RESULT FROM A JURY TRIAL, BORROWER AND LENDER WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING HEREUNDER OR IN CONNECTION WITH THE OBLIGATIONS, OR (B) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND BORROWER FURTHER WAIVES ANY RIGHT TO CONSOLIDATE ANY SUCH ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED; AND BORROWER HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY HERETO MAY FILE AN ORIGINAL COPY OF THIS NOTE WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF BORROWER TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY.**

[Signatures on the following page.]

2

[Signature Page to Promissory Note]

**"BORROWER"**

**South Town by 4M LLC**

By: _____

Its: _____

Address: _____

_____

**ACCEPTED AND AGREED TO:**
**"LENDER"**

_____

Heidi Caroline Poscher

<h1 style="text-align:center">AMENDED AND RESTATED</h1>

<strong>PROMISSORY NOTE</strong>[1]-

Dated: <s>April</s> May    , 2026

**FOR VALUE RECEIVED, South Town by 4M LLC** ("Borrower"), Debtor in Chapter 11 Case No. 26-40805-lsg in the U.S. Bankruptcy Court for the Eastern District of Michigan (the "Chapter 11 Case") promises to pay to the order of **Heidi Caroline Poscher** ("Lender") on the Maturity Date (as defined below) at 1919 S. Industrial Hwy, Ann Arbor, MI 48104 or at such other place as Lender may designate in writing, the principal sum equal to <s>One</s>four Hundred <s>Thirty Three</s> Thousand Dollars ($<s>133,000.00)</s>400,000.00) (the "Debt") or so much as has been advanced by Lender and not repaid pursuant to this Promissory Note (the "Note"), plus interest as hereinafter provided, in lawful money of the United States.  This Note includes all sums authorized and subject to the Promissory Note (ECF No. 103 in the Chapter 11 Case) entered into by and between Borrower and Lender pursuant to the *Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* (ECF No. 105 in the Chapter 11 Case).

Subject to the terms of the <s>Interim</s>Final DIP Order (defined below), this Note shall be accorded super-priority administrative expense status in the Chapter 11 Case, pursuant to Bankruptcy Code Section 364(c)(1), and shall be secured by a lien on Borrower's property that is not otherwise subject to a lien, pursuant to Bankruptcy Code Section 364(c)(2), and by a junior lien on Borrower's property that is subject to a lien, in accordance with Bankruptcy Code Section 364(c)(3).

All funds advanced must be used in accordance with the <s>interim</s>final order ("<s>Interim</s>Final DIP Order") of the United States Bankruptcy Court for the Eastern District of Michigan in Borrower's Chapter 11 Case approving this Note and the debtor-in-possession financing from Lender to Borrower only for payment of interest payments to County National Bank, the City of Ann Arbor and/or Washtenaw County Treasurer (for real estate taxes), The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees as set forth in the Budget (as defined in the <s>Interim</s>Final DIP Order).

The unpaid principal balance outstanding from time to time under this Note shall bear interest at seven percent (7%) per annum.  Interest shall be calculated on the basis of a 360 day year for the actual number of days elapsed.  In the event of default, the "Default Rate" shall be nine percent (9%) per annum.

The unpaid principal balance and all accrued interest thereon shall be due and payable in full upon the earlier of (i) the effective date of Debtor's confirmed Chapter 11 Plan in the Bankruptcy Case, or (ii) the later of (a) 30 days after the expiration of Debtor's exclusivity and solicitation periods and (b) the date that is one hundred twenty (120) days after the entry of a final order

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the <s>Interim</s>Final DIP Order.

approving the ~~Interim~~Final DIP Order (collectively, the "Maturity Date").  All rights of Lender under this Note are subject to Lender's contractual obligations to County National Bank, including without limitations, Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023.  All payments to Lender under this Note will be held in trust for, and paid to, County National Bank unless County National Bank has been fully paid.

Borrower may prepay all or any portion of the indebtedness outstanding hereunder at any time, without premium or penalty.

Nothing herein contained, nor any transaction relating thereto, or hereto, shall be construed or operate to require Borrower to pay, or be charged, interest at a greater rate than the maximum allowed by the applicable law relating to this Note.  Should any interest or other charges, charged, paid or payable by Borrower in connection with this Note, or any other document delivered in connection herewith, result in the charging, compensation, payment or earning of interest in excess of the maximum allowed by the applicable law as aforesaid, then any and all such excess shall be and the same is hereby waived by the holder, and any and all such excess paid shall be automatically credited against and in reduction of the principal due under this Note.

If any Event of Default (as defined in the ~~Interim~~Final DIP Order) occurs under the ~~Interim~~Final DIP Order, it shall also constitute an "Event of Default" under this Note.

Borrower hereby waives presentment for payment, demand, notice of non-payment, notice of protest and protest of this Note, diligence in collection or bringing suit.

Neither Borrower nor Lender shall assign their respective rights or obligations under this Note (except the assignment of Lender's rights to County National Bank as stated above).

This Note is to be construed in accordance with the internal laws (but not the law of conflicts) of the State of Michigan.

**IN RECOGNITION OF THE HIGHER COSTS AND DELAY WHICH MAY RESULT FROM A JURY TRIAL, BORROWER AND LENDER WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING HEREUNDER OR IN CONNECTION WITH THE OBLIGATIONS, OR (B) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND BORROWER FURTHER WAIVES ANY RIGHT TO CONSOLIDATE ANY SUCH ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED; AND BORROWER HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY HERETO MAY FILE AN ORIGINAL COPY OF THIS NOTE WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF BORROWER TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY.**

[Signatures on the following page.]

[Signature Page to Promissory Note]

"**BORROWER**"

**South Town by 4M LLC**

By: _____

Its: _____

Address: _____

_____

**ACCEPTED AND AGREED TO:**
**"LENDER"**

_____

Heidi Caroline Poscher

3

| | |
|---|---|
| **Summary report:**<br>**Litera Compare for Word 11.12.0.83 Document comparison done on 5/14/2026 9:30:09 AM** | |
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4905-5405-3796/2/Amended and Restated Promissory Note draft 5 8 2026.docx | |
| **Modified DMS:** nd://4905-5405-3796/4/Amended and Restated Promissory Note draft 5 8 2026.docx | |
| **Changes:** | |
| Add | 13 |
| Delete | 12 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 25 |