UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 26-40805

South Town By 4M, LLC,                          Chapter 11

        Debtor.                        Hon. Lisa S. Gretchko

_____/

# **EXHIBITS**

**EXHIBIT A**

In Re:

South Town by 4M LLC,

          Debtor.

_____/

Case No. 26-40805-lsg
Chapter 11
Hon. Lisa S. Gretchko

## FINAL ORDER (A) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION SECURED FINANCING; AND (B) GRANTING LIENS, SECURITY INTERESTS, AND SUPERPRIORITY CLAIM

This matter is before the Court pursuant to the Motion for Entry of an Order (a) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (b) Granting Liens, Security Interests, and Superpriority Claim ("Motion"; ECF No. 79), and the *Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* ("Interim Order"; ECF No. 105). Pursuant to the Interim Order, parties had until May 11, 2026 to file an objection to the Motion or to the Interim Order. No objections were filed. A hearing was held on May 18, 2026. The Court has reviewed the Motion, and other pertinent filings in this matter, has considered the statements made at the hearings, and is advised in the premises.

THE COURT HEREBY FINDS that:

A. Good and sufficient cause has been shown for the entry of this Final Order and the relief granted herein is necessary to avoid

immediate and irreparable harm to the Debtor and its estate. [1]

B. The Debtor has an immediate and critical need to obtain financing in the total amount of $400,000 (which includes the amounts set forth in the revised DIP Note filed on April 23, 2026 ("Revised DIP Note"; ECF No. 103) in the amount of $133,000.00) to provide interest payments to County National Bank ("CNB"), Washtenaw County and/or City of Ann Arbor Real Estate Taxes, The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees, in order to allow the Debtor additional time to formulate its plan of reorganization ("Plan"). The Debtor filed an Amended and Restated DIP Note ("Amended DIP Note", ECF No. 113) on May 15, 2026 to reflect the entirety of the DIP Loan.

C. The Debtor is unable to obtain financing on more favorable terms from sources other than the DIP Lender under the Amended DIP Note and is unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.

D. The Debtor is unable to obtain secured credit without the Debtor

---

[1] Capitalized terms used but not defined in this Order shall have the meaning ascribed to them in the Motion.

granting to the DIP Lender a Superpriority Claim and the DIP Liens (as defined herein) under the terms and conditions set forth in this Final Order and in the Amended DIP Note.

E. The terms of the Amended DIP Note are objectively fair and reasonable, and the obligations set forth therein constitute reasonably equivalent value and fair consideration.

F. The Amended DIP Note represents a reasonable loan arrangement between the Debtor and the DIP Lender.

G. The Debtor has requested entry of this Final Order pursuant to Fed.R.Bankr.P. 4001(c)(2). Absent granting the relief set forth in this Final Order, the Debtor's estate will be immediately and irreparably harmed. Delivery of the Amended DIP Note in accordance with this Final Order is in the best interests of the Debtor's estate.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion is granted in accordance with the terms of this Final Order.

2. The Debtor is authorized to borrow money from Heidi Caroline Poscher, the responsible person for the Debtor, in an aggregate principal amount of up to $400,000.00 pursuant to the terms of the Amended DIP Note, which borrowing shall be used only for payment of interest payments to CNB, Washtenaw County

and/or City of Ann Arbor Real Estate Taxes, Higley and payment of U.S. Trustee fees as set forth in the revised budget filed on April 21, 2026 ("Budget"; ECF No. 96).

3.      The Debtor is authorized to execute and deliver the Amended DIP Note.

4.      Upon the Debtor's execution and delivery of the Amended DIP Note, the Amended DIP Note and the obligations set forth therein shall constitute valid, binding and unavoidable obligations of the Debtor, enforceable against Debtor in accordance with the terms thereof and of this Final Order.

5.      Pursuant to section 364(c)(1) of the Bankruptcy Code, and only to the extent of the amount that the Debtor borrows under the Amended DIP Note pursuant to this Final Order, the DIP Lender shall have an allowed claim against the Debtor with priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code.

6.      As security for the amount that the Debtor borrows under the Amended DIP Note pursuant to this Final Order, effective and perfected upon entry of this Final Order (and without the necessity of filing a financing statement or recording any document), except as set forth in paragraph 17 below: (i) pursuant to section 364(c)(2) of the Bankruptcy Code, the DIP Lender is granted a lien on all property of the Debtor's estate that is not otherwise subject to a lien, and (ii)  pursuant to

section 364(c)(3) of the Bankruptcy Code, the DIP Lender is granted a junior lien on all property of the Debtor's estate that is subject to a lien.

7. In all instances, the liens granted to the DIP Lender pursuant to this Final Order are subject to existing mortgage liens in favor of County National Bank, Prentice Partners of Ann Arbor, LLC, and Brownstone Realty Advisors, LLC, and construction liens (unless duplicative or subsequently disallowed, in whole or in part, by this Court or another court of competent jurisdiction) in favor of Synecdoche Design Studio LLC, Higley, Building Decommission Services, LLC (d/b/a BDS Environmental), Industrial Fence & Landscaping, and Blue Star, Inc., SmithGroup, Inc. and Permitted Third Party Liens[2] (all liens and security interests granted to the DIP Lender pursuant to this Final Order and the Amended DIP Note are collectively, the "DIP Liens").

8. All such security interests provided in this Final Order shall be created and perfected automatically pursuant to this Final Order. Notwithstanding the foregoing, the DIP Lender shall not have any lien or security interest in any property of the Debtor as to which the granting of a lien or security interest in such assets would be prohibited by contract, covenant, or applicable law.

---

[2] "Permitted Third Party Liens" shall mean any liens that are senior by operation of law (including liens securing the payment of real property taxes and any such liens that are perfected subsequent to the Petition Date as permitted by Bankruptcy Code Section 546(b)).

9. A certified copy of this Final Order may, in the discretion of the DIP Lender, be filed with or recorded in filing or recording offices, and all filing offices are hereby authorized to accept such certified copy of this Final Order for filing and recording. For the avoidance of doubt, the automatic stay of section 362(a) of the Bankruptcy Code shall be modified to the extent necessary to permit the DIP Lender to take all actions, as applicable, referenced in this paragraph.

10. In the event of any of the following, the DIP Lender may request the Court's determination that such occurrence is an "Event of Default" and seek appropriate remedies for same: (i) an order converting or dismissing this Bankruptcy Case; (ii) an order appointing a chapter 11 trustee in this Bankruptcy Case, without the consent of the DIP Lender; or (iii) an order appointing an examiner with enlarged powers in this Bankruptcy Case.

11. Pursuant to section 364(e) of the Bankruptcy Code, if any or all of the provisions of this Final Order are hereafter reversed or modified on appeal, then, absent a stay pending appeal, such reversal or modification shall not affect (i) the validity of any of the Debtor's obligations to the DIP Lender incurred prior to the pendency of the appeal or (ii) the validity or enforceability of any lien or priority authorized or created by this Final Order with respect thereto.

12. The proceeds of the DIP Loan shall only be used in accordance with the terms of Amended DIP Note, the Budget, and this Final Order.

13. All obligations under the Amended DIP Note shall be immediately due and payable upon (i) an Event of Default, or (ii) as set forth in the Amended DIP Note.

14. All rights of the DIP Lender under this Final Order are subject to the DIP Lender's contractual obligations to CNB, including, without limitation, the DIP Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023.

15. This Court shall retain jurisdiction to enforce this Final Order according to its terms. In the event of any inconsistency between the provisions of this Final Order and the Amended DIP Note, the provisions of this Final Order shall govern.

16. This Final Order shall be immediately effective and enforceable upon its entry.

17. Notwithstanding anything to the contrary in this Final Order, or in the Amended DIP Note, or in any other document or instrument whatsoever, any security interest or lien granted to the DIP Lender *excludes* (i) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code ("Avoidance Claims"), (ii) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims, (iii) any intercompany claims, and (iv) any claims against the estate of Margaret Poscher, Prentice Partners of Ann Arbor, LLC, or any entity or estate in which Heidi Poscher

has a direct or indirect interest, and no superpriority claim, administrative claim, or other priority claim under this Final Order shall be payable from or have recourse to any of the foregoing.

**EXHIBIT B**

In Re:

South Town by 4M LLC,

               Debtor.

_____/

Case No. 26-40805-lsg
Chapter 11
Hon. Lisa S. Gretchko

## ~~INTERIM~~FINAL ORDER (A) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION SECURED FINANCING; AND (B) GRANTING LIENS, SECURITY INTERESTS, AND SUPERPRIORITY CLAIM

This matter ~~came~~is before the Court ~~upon~~pursuant to the ~~Debtor's~~ Motion for Entry of an Order (a) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (b) Granting Liens, Security Interests, and Superpriority Claim ("Motion"; ECF No. 79), and the ~~responses thereto filed by County National Bank ("CNB Response"; ECF No. 86) and by the Washtenaw County Circuit Court Receiver of certain assets of Prentice Partners of Ann Arbor, LLC ("Prentice Receiver's Response"; ECF No. 92). On April 20, 2026, and April 22, 2026, the Court held expedited interim hearings on the Motion and the responses thereto ("Interim Hearings"). The notice given of the Motion and the Interim Hearings thereon constitutes due and sufficient notice thereof and complies with Fed.R.Bankr.P. 4001(c)(2)(A). Counsel for each of the Debtor, County National~~

~~Bank, the Washtenaw County Circuit Court Receiver of Prentice Partners of Ann Arbor, LLC, Heidi Poscher, and the United States Trustee appeared at one or both of the Interim Hearings~~*Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* ("Interim Order"; ECF No. 105). Pursuant to the Interim Order, parties had until May 11, 2026 to file an objection to the Motion or to the Interim Order. No objections were filed. A hearing was held on May 18, 2026.The Court has reviewed the Motion, ~~the responses thereto~~ and other pertinent ~~pleadings~~filings in this matter, has considered the statements made at the ~~Interim Hearings~~hearings, and is advised in the premises.

THE COURT HEREBY FINDS that:

A. Good and sufficient cause has been shown for the entry of this ~~Interim~~Final Order and the ~~interim~~ relief granted herein is necessary to avoid immediate and irreparable harm to the Debtor and its estate ~~pending the Final Hearing~~.[1]

B. The Debtor has an immediate and critical need to obtain financing ~~pursuant to~~in the total amount of $400,000 (which includes the amounts set forth in the revised DIP ~~note~~Note filed

---

[1] Capitalized terms used but not defined in this Order shall have the meaning ascribed to them in the Motion.

on April 23, 2026 ("Revised DIP Note"; ECF No. 103) in the amount of $133,000.00) to provide interest payments to County National Bank ("CNB"), Washtenaw County and/or City of Ann Arbor Real Estate Taxes, The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees, in order to allow the Debtor additional time to formulate its plan of reorganization ("Plan"). The Debtor filed an Amended and Restated DIP Note ("Amended DIP Note", ECF No. 113) on May 15, 2026 to reflect the entirety of the DIP Loan.

C. The Debtor is unable to obtain financing on more favorable terms from sources other than the DIP Lender under the RevisedAmended DIP Note and is unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.

D. The Debtor is unable to obtain secured credit without the Debtor granting to the DIP Lender a Superpriority Claim and the DIP Liens (as defined herein) under the terms and conditions set forth in this InterimFinal Order and in the RevisedAmended DIP Note.

E. The terms of the RevisedAmended DIP Note are objectively

fair and reasonable, and the obligations set forth therein constitute reasonably equivalent value and fair consideration.

F. The ~~Revised~~Amended DIP Note represents a reasonable loan arrangement between the Debtor and the DIP Lender.

G. The Debtor has requested entry of this ~~Interim~~Final Order pursuant to Fed.R.Bankr.P. 4001(c)(2). Absent granting the relief set forth in this ~~Interim~~Final Order, the Debtor's estate will be immediately and irreparably harmed. Delivery of the ~~Revised~~Amended DIP Note in accordance with this ~~Interim~~Final Order is in the best interests of the Debtor's estate.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion is granted in ~~part in~~ accordance with the terms of this ~~Interim~~Final Order.

2. The Debtor is authorized to borrow money from Heidi Caroline Poscher, the responsible person for the Debtor, in an aggregate principal amount of up to $~~133,000.00 prior to entry of a final order on the Motion and~~400,000.00 pursuant to the terms of the ~~Revised~~Amended DIP Note, which borrowing shall be used only for payment of interest payments to CNB, Washtenaw County and/or City of Ann Arbor Real Estate Taxes, Higley and payment of U.S. Trustee fees as set forth in the revised budget filed on April 21, 2026 ("Budget"; ECF No. 96).

3. The Debtor is authorized to execute and deliver the ~~Revised~~<u>Amended</u> DIP Note.

4. Upon the Debtor's execution and delivery of the ~~Revised~~<u>Amended</u> DIP Note, the ~~Revised~~<u>Amended</u> DIP Note and the obligations set forth therein shall constitute valid, binding and unavoidable obligations of the Debtor, enforceable against Debtor in accordance with the terms thereof and of this ~~Interim~~<u>Final</u> Order.

5. Pursuant to section 364(c)(1) of the Bankruptcy Code, ~~except as set forth in paragraph 17 below,~~ and only to the extent of the amount that the Debtor borrows under the ~~Revised~~<u>Amended</u> DIP Note pursuant to this ~~Interim~~<u>Final</u> Order, the DIP Lender shall have an allowed claim against the Debtor with priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code.

6. As security for the amount that the Debtor borrows under the ~~Revised~~<u>Amended</u> DIP Note pursuant to this ~~Interim~~<u>Final</u> Order, effective and perfected upon entry of this ~~Interim~~<u>Final</u> Order (and without the necessity of filing a financing statement or recording any document), except as set forth in paragraph 17 below: (i) pursuant to section 364(c)(2) of the Bankruptcy Code, the DIP Lender is granted a lien on all property of the Debtor's estate that is not otherwise subject to a lien, and (ii) pursuant to section 364(c)(3) of the Bankruptcy Code,

the DIP Lender is granted a junior lien on all property of the Debtor's estate that is subject to a lien.

7. In all instances, the liens granted to the DIP Lender pursuant to this ~~Interim~~Final Order are subject to existing mortgage liens in favor of County National Bank, Prentice Partners of Ann Arbor, LLC, and Brownstone Realty Advisors, LLC, ~~a~~and construction ~~lien in favor of Higley,~~liens (unless duplicative or subsequently disallowed, in whole or in part, by this Court or another court of competent jurisdiction) in favor of Synecdoche Design Studio LLC, Higley, Building Decommission Services, LLC (d/b/a BDS Environmental), Industrial Fence & Landscaping, and Blue Star, Inc., SmithGroup, Inc. and Permitted Third Party Liens[2] (~~All~~all liens and security interests granted to the DIP Lender pursuant to this ~~Interim~~Final Order and the ~~Revised~~Amended DIP Note are collectively, the "DIP Liens").

8. All such security interests provided in this ~~Interim~~Final Order shall be created and perfected automatically pursuant to this ~~Interim~~Final Order. Notwithstanding the foregoing, the DIP Lender shall not have any lien or security interest in any property of the Debtor as to which the granting of a lien or security

---

[2] "Permitted Third Party Liens" shall mean any liens that are senior by operation of law (including liens securing the payment of real property taxes and any such liens that are perfected subsequent to the Petition Date as permitted by Bankruptcy Code Section 546(b)).

interest in such assets would be prohibited by contract, covenant, or applicable law.

9. A certified copy of this ~~Interim~~Final Order may, in the discretion of the DIP Lender, be filed with or recorded in filing or recording offices, and all filing offices are hereby authorized to accept such certified copy of this ~~Interim~~Final Order for filing and recording. For the avoidance of doubt, the automatic stay of section 362(a) of the Bankruptcy Code shall be modified to the extent necessary to permit the DIP Lender to take all actions, as applicable, referenced in this paragraph.

10. In the event of any of the following, the DIP Lender may request the Court's determination that such occurrence is an "Event of Default" and seek appropriate remedies for same: (i) an order converting or dismissing this Bankruptcy Case; (ii) an order appointing a chapter 11 trustee in this Bankruptcy Case, without the consent of the DIP Lender; or (iii) an order appointing an examiner with enlarged powers in this Bankruptcy Case.

11. Pursuant to section 364(e) of the Bankruptcy Code, if any or all of the provisions of this ~~Interim~~Final Order are hereafter reversed or modified on appeal, then, absent a stay pending appeal, such reversal or modification shall not affect (i) the validity of any of the Debtor's obligations to the DIP Lender incurred

prior to the pendency of the appeal or (ii) the validity or enforceability of any lien or priority authorized or created by this ~~Interim~~Final Order with respect thereto.

12. The proceeds of the DIP Loan shall only be used in accordance with the terms of ~~Revised~~Amended DIP Note, the Budget, and this ~~Interim~~Final Order.

13. All obligations under the ~~Revised~~Amended DIP Note shall be immediately due and payable upon (i) an Event of Default, or (ii) as set forth in the ~~Revised~~Amended DIP Note.

14. All rights of the DIP Lender under this Final Order are subject to the DIP Lender's contractual obligations to CNB, including, without limitation, the DIP Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023.

15. This Court shall retain jurisdiction to enforce this ~~Interim~~Final Order according to its terms. In the event of any inconsistency between the provisions of this ~~Interim~~Final Order and the ~~Revised~~Amended DIP Note, the provisions of this ~~Interim~~Final Order shall govern.

16. This ~~Interim~~Final Order shall be immediately effective and enforceable upon its entry.

17. Notwithstanding anything to the contrary in this ~~Interim~~Final Order, or in the ~~Revised~~Amended DIP Note, or in any other document or instrument whatsoever, any security interest or lien granted to the DIP Lender *excludes* (i)

any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code ("Avoidance Claims"), (ii) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("Avoidance Proceeds"), (iii) any intercompany claims, and (iv) any claims against the estate of Margaret Poscher, Prentice Partners of Ann Arbor, LLC, or any entity or estate in which Heidi Poscher has a direct or indirect interest, and no superpriority claim, administrative claim, or other priority claim under this InterimFinal Order shall be payable from or have recourse to any of the foregoing.

18.    The Debtor must, within twenty four (24) hours following the entry of this Interim Order, serve copies of this Interim Order on all secured creditors, all creditors included on the list filed under Fed.R.Bankr.P 1007(d), any adverse party relative to the relief requested in the Motion, any party that filed a response to the Motion, the United States Trustee, the Washtenaw County Circuit Court Receiver of Prentice Partners of Ann Arbor, LLC, and  all parties listed on the Court's mailing matrix in this case, and all other parties who are required to be served under Fed.R.Bankr.P. 4001(d), and E.D. Mich. LBR 9013-1.  **All parties seeking to object to the Motion or to this Interim Order (or to the entry of a final order on the Motion) must file a written objection by May 11, 2026, at 5:00 p.m.  The Final Hearing on the Motion shall be held in person on May**

18, 2026, at 10:00 a.m. before Judge Lisa S. Gretchko in Courtroom 1975, 211 W. Fort St., Detroit, Michigan 48226.