In re:                                                          Case No. 26-40805-lsg

South Town by 4M LLC,                                           Chapter 11

        Debtor.                                        Hon. Lisa S. Gretchko

_____/

## STIPULATION TO FINAL ORDER (A) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION SECURED FINANCING; AND (B) GRANTING LIENS, SECURITY INTERESTS, AND SUPERPRIORITY CLAIM

Debtor, South Town by 4M LLC, along with Heidi Caroline Poscher, County National Bank, the United States Trustee and the Washtenaw County Circuit Court Receiver of Prentice Partners of Ann Arbor, LLC (the "Parties"), through their undersigned counsel hereby stipulate to entry of the *Final Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests and Superpriority Claim*, attached hereto as **Exhibit A**, based on the final hearing that was held on May 18, 2026 with respect to *Motion for Entry of an Order (a) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (b) Granting Liens, Security Interests, and Superpriority Claim* (the "Final DIP Financing Order"). Attached as **Exhibit B** is a redline comparison of the Interim DIP Financing Order and the Final DIP Financing Order. Attached as **Exhibit C** hereto is the Amended and Restated DIP Note based on the Final Dip Financing Order and

**Exhibit D** is a redline reflecting the changes from the Promissory Note filed at ECF

No. 103 in connection with Interim DIP Financing Order.

*[Signatures on the following page]*

TAFT STETTINIUS
& HOLLISTER LLP

/s/ *Jay Welford*
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
Anthony Cimini (P86223)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com
acimini@taftlaw.com

*Counsel to the Debtor,*
*South Town by 4M LLC*

BODMAN PLC

/s/ *Robert J. Diehl, Jr*
Robert J. Diehl, Jr. (P31264)
Jaimee L. Witten (P70068)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
rdiehl@bodmanlaw.com
jwitten@bodmanlaw.com

*Counsel to County National*
*Bank*

MADDIN HAUSER ROTH &
HELLER PC

/s/Julie Teicher
Julie Teicher (P34300)
One Towne Square
Fifth Floor
Southfield, MI 48076
(248) 351-7059
jteicher@maddinhauser.com

*Counsel for Heidi Caroline Poscher*

UNITED STATES TRUSTEE

/s/ *Kelley Callard*
Kelley Callard (P56345)
Trial Attorney
Office of the U.S. Trustee
211 W Fort St – Suite 700
Detroit, Michigan 48226
(313) 226-6773
Kelley.Callard@usdoj.gov

**STEVENSON AND BULLOCK,**
**PLC**

*/s/ John W. Polderman*
John W. Polderman (P65720)
26100 American Drive, Ste. 500
Southfield, MI 48034
(248) 354-7906
jpolderman@sbplclaw.com

*Counsel for the Washtenaw County*
*Circuit Court Receiver of Prentice*
*Partners of Ann Arbor, LLC*

Dated: May 20, 2026

**EXHIBIT A**

In Re:

South Town by 4M LLC,

          Debtor.

_____/

Case No. 26-40805-lsg

Chapter 11

Hon. Lisa S. Gretchko

## FINAL ORDER (A) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION SECURED FINANCING; AND (B) GRANTING LIENS, SECURITY INTERESTS, AND SUPERPRIORITY CLAIM

This matter came before the Court upon the Debtor's *Motion for Entry of an Order (a) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (b) Granting Liens, Security Interests, and Superpriority Claim* ("Motion"; ECF No. 79), and the *Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* ("Interim Order"; ECF No. 105).  Pursuant to the Interim Order, parties had until May 11, 2026 to file an objection to the Motion or to the Interim Order. No objections were filed.  A hearing was held on May 18, 2026. The Court has reviewed the Motion, and other pertinent filings in this matter, has considered the statements made at the hearings, and is advised in the premises.

        THE COURT HEREBY FINDS that:

        A. Good and sufficient cause has been shown for the entry of this

           Final Order and the relief granted herein is necessary to avoid

immediate and irreparable harm to the Debtor and its estate. [1]

B.  The Debtor has an immediate and critical need to obtain financing in the total amount of $400,000 (which includes the amounts set forth in the revised DIP Note filed on April 23, 2026 ("Revised DIP Note"; ECF No. 103) in the amount of $133,000.00) to provide interest payments to County National Bank ("CNB"), Washtenaw County and/or City of Ann Arbor Real Estate Taxes, The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees, in order to allow the Debtor additional time to formulate its plan of reorganization ("Plan"). The Debtor filed an Amended and Restated DIP Note ("Amended DIP Note", Exhibit C at ECF No. ___) together with its stipulation for entry of this Order to reflect the entirety of the DIP Loan.

C.  The Debtor is unable to obtain financing on more favorable terms from sources other than the DIP Lender under the Amended DIP Note and is unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.

---

[1] Capitalized terms used but not defined in this Order shall have the meaning ascribed to them in the Motion.

D. The Debtor is unable to obtain secured credit without the Debtor granting to the DIP Lender a superpriority claim and the DIP Liens (as defined herein) under the terms and conditions set forth in this Final Order and in the Amended DIP Note.

E. The terms of the Amended DIP Note are objectively fair and reasonable, and the obligations set forth therein constitute reasonably equivalent value and fair consideration.

F. The Amended DIP Note represents a reasonable loan arrangement between the Debtor and the DIP Lender.

G. The Debtor has requested entry of this Final Order pursuant to Fed.R.Bankr.P. 4001(c)(2). Absent granting the relief set forth in this Final Order, the Debtor's estate will be immediately and irreparably harmed. Delivery of the Amended DIP Note in accordance with this Final Order is in the best interests of the Debtor's estate.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion is granted in accordance with the terms of this Final Order.

2. The Debtor is authorized to borrow money from Heidi Caroline Poscher, the responsible person for the Debtor, in an aggregate principal amount of up to $400,000.00 pursuant to the terms of the Amended DIP Note, which borrowing

shall be used only for payment of interest payments to CNB, Washtenaw County and/or City of Ann Arbor Real Estate Taxes, Higley and payment of U.S. Trustee fees as set forth in the revised budget filed on April 21, 2026 ("Budget"; ECF No. 96).

3. The Debtor is authorized to execute and deliver the Amended DIP Note.

4. Upon the Debtor's execution and delivery of the Amended DIP Note, the Amended DIP Note and the obligations set forth therein shall constitute valid, binding and unavoidable obligations of the Debtor, enforceable against Debtor in accordance with the terms thereof and of this Final Order.

5. Pursuant to section 364(c)(1) of the Bankruptcy Code, except as set forth in paragraph 17 below, and only to the extent of the amount that the Debtor borrows under the Amended DIP Note pursuant to this Final Order, the DIP Lender shall have an allowed claim against the Debtor with priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code.

6. As security for the amount that the Debtor borrows under the Amended DIP Note pursuant to this Final Order, effective and perfected upon entry of this Final Order (and without the necessity of filing a financing statement or recording any document), except as set forth in paragraph 17 below: (i) pursuant to section 364(c)(2) of the Bankruptcy Code, the DIP Lender is granted a lien on all property

of the Debtor's estate that is not otherwise subject to a lien, and (ii) pursuant to section 364(c)(3) of the Bankruptcy Code, the DIP Lender is granted a junior lien on all property of the Debtor's estate that is subject to a lien.

7.      In all instances, the liens granted to the DIP Lender pursuant to this Final Order are subject to existing mortgage liens in favor of County National Bank, Prentice Partners of Ann Arbor, LLC, and Brownstone Realty Advisors, LLC, and construction liens (unless duplicative or subsequently disallowed, in whole or in part, by this Court or another court of competent jurisdiction) in favor of Synecdoche Design Studio LLC, Higley, Building Decommission Services, LLC (d/b/a BDS Environmental), Industrial Fence & Landscaping, and Blue Star, Inc., SmithGroup, Inc. and Permitted Third Party Liens[2] (all liens and security interests granted to the DIP Lender pursuant to this Final Order and the Amended DIP Note are collectively, the "DIP Liens").

8.      All such security interests provided in this Final Order shall be created and perfected automatically pursuant to this Final Order. Notwithstanding the foregoing, the DIP Lender shall not have any lien or security interest in any property

---

[2] "Permitted Third Party Liens" shall mean any liens that are senior by operation of law (including liens securing the payment of real property taxes and any such liens that are perfected subsequent to the Petition Date as permitted by Bankruptcy Code Section 546(b)).

of the Debtor as to which the granting of a lien or security interest in such assets would be prohibited by contract, covenant, or applicable law.

9. A certified copy of this Final Order may, in the discretion of the DIP Lender, be filed with or recorded in filing or recording offices, and all filing offices are hereby authorized to accept such certified copy of this Final Order for filing and recording. For the avoidance of doubt, the automatic stay of section 362(a) of the Bankruptcy Code shall be modified to the extent necessary to permit the DIP Lender to take all actions, as applicable, referenced in this paragraph.

10. In the event of any of the following, the DIP Lender may request the Court's determination that such occurrence is an "Event of Default" and seek appropriate remedies for same: (i) an order converting or dismissing this Bankruptcy Case; (ii) an order appointing a chapter 11 trustee in this Bankruptcy Case, without the consent of the DIP Lender; or (iii) an order appointing an examiner with enlarged powers in this Bankruptcy Case.

11. Pursuant to section 364(e) of the Bankruptcy Code, if any or all of the provisions of this Final Order are hereafter reversed or modified on appeal then, absent a stay pending appeal, such reversal or modification shall not affect (i) the validity of any of the Debtor's obligations to the DIP Lender incurred prior to the pendency of the appeal or (ii) the validity or enforceability of any lien or priority authorized or created by this Final Order with respect thereto.

12. The proceeds of the DIP Loan shall only be used in accordance with the terms of Amended DIP Note, the Budget, and this Final Order.

13. All obligations under the Amended DIP Note shall be immediately due and payable upon (i) an Event of Default, or (ii) as set forth in the Amended DIP Note.

14. All rights of the DIP Lender under this Final Order are subject to the DIP Lender's contractual obligations to CNB, including, without limitation, the DIP Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023.

15. This Court shall retain jurisdiction to enforce this Final Order according to its terms. In the event of any inconsistency between the provisions of this Final Order and the Amended DIP Note, the provisions of this Final Order shall govern.

16. This Final Order shall be immediately effective and enforceable upon its entry.

17. Notwithstanding anything to the contrary in this Final Order, or in the Amended DIP Note, or in any other document or instrument whatsoever, any security interest or lien granted to the DIP Lender *excludes* (i) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code ("Avoidance Claims"), (ii) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("Avoidance

Proceeds"), (iii) any intercompany claims, and (iv) any claims against the estate of Margaret Poscher, Prentice Partners of Ann Arbor, LLC, or any entity or estate in which Heidi Poscher has a direct or indirect interest, and no superpriority claim, administrative claim, or other priority claim under this Final Order shall be payable from or have recourse to any of the foregoing.

**EXHIBIT B**

In Re:

South Town by 4M LLC,

Case No. 26-40805-lsg
Chapter 11
Hon. Lisa S. Gretchko

Debtor.

_____/

## ~~INTERIM~~FINAL ORDER (A) AUTHORIZING THE DEBTOR TO OBTAIN
## POST-PETITION SECURED FINANCING; AND (B) GRANTING LIENS, SECURITY INTERESTS, AND SUPERPRIORITY CLAIM

This matter came before the Court upon the Debtor's *Motion for Entry of an Order (a) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (b) Granting Liens, Security Interests, and Superpriority Claim* ("Motion"; ECF No. 79), and the ~~responses thereto filed by County National Bank ("CNB Response"; ECF No. 86) and by the Washtenaw County Circuit Court Receiver of certain assets of Prentice Partners of Ann Arbor, LLC ("Prentice Receiver's Response"; ECF No. 92). On April 20, 2026, and April 22, 2026, the Court held expedited interim hearings on the Motion and the responses thereto ("Interim Hearings"). The notice given of the Motion and the Interim Hearings thereon constitutes due and sufficient notice thereof and complies with Fed.R.Bankr.P. 4001(c)(2)(A). Counsel for each of the Debtor, County National Bank, the~~

~~Washtenaw County Circuit Court Receiver of Prentice Partners of Ann Arbor, LLC, Heidi Poscher, and the United States Trustee appeared at one or both of the Interim Hearings~~*Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* ("Interim Order"; ECF No. 105). Pursuant to the Interim Order, parties had until May 11, 2026 to file an objection to the Motion or to the Interim Order. No objections were filed. A hearing was held on May 18, 2026.The Court has reviewed the Motion, ~~the responses thereto~~ and other pertinent ~~pleadings~~filings in this matter, has considered the statements made at the ~~Interim Hearings~~hearings, and is advised in the premises.

THE COURT HEREBY FINDS that:

A. Good and sufficient cause has been shown for the entry of this ~~Interim~~Final Order and the ~~interim~~ relief granted herein is necessary to avoid immediate and irreparable harm to the Debtor and its estate ~~pending the Final Hearing~~. [1]

B. The Debtor has an immediate and critical need to obtain financing ~~pursuant to~~in the total amount of $400,000 (which includes the amounts set forth in the revised DIP ~~note~~Note filed

---

[1] Capitalized terms used but not defined in this Order shall have the meaning ascribed to them in the Motion.

on April 23, 2026 ("Revised DIP Note"; ECF No. 103) in the amount of $133,000.00) to provide interest payments to County National Bank ("CNB"), Washtenaw County and/or City of Ann Arbor Real Estate Taxes, The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees, in order to allow the Debtor additional time to formulate its plan of reorganization ("Plan"). The Debtor filed an Amended and Restated DIP Note ("Amended DIP Note", Exhibit C at ECF No. ___) together with its stipulation for entry of this Order to reflect the entirety of the DIP Loan.

C. The Debtor is unable to obtain financing on more favorable terms from sources other than the DIP Lender under the ~~Revised~~Amended DIP Note and is unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.

D. The Debtor is unable to obtain secured credit without the Debtor granting to the DIP Lender a superpriority claim and the DIP Liens (as defined herein) under the terms and conditions set forth in this ~~Interim~~Final Order and in the ~~Revised~~Amended DIP Note.

E. The terms of the ~~Revised~~Amended DIP Note are objectively fair and reasonable, and the obligations set forth therein constitute reasonably equivalent value and fair consideration.

F. The ~~Revised~~Amended DIP Note represents a reasonable loan arrangement between the Debtor and the DIP Lender.

G. The Debtor has requested entry of this ~~Interim~~Final Order pursuant to Fed.R.Bankr.P. 4001(c)(2). Absent granting the relief set forth in this ~~Interim~~Final Order, the Debtor's estate will be immediately and irreparably harmed. Delivery of the ~~Revised~~Amended DIP Note in accordance with this ~~Interim~~Final Order is in the best interests of the Debtor's estate.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion is granted in ~~part in~~ accordance with the terms of this ~~Interim~~Final Order.

2. The Debtor is authorized to borrow money from Heidi Caroline Poscher, the responsible person for the Debtor, in an aggregate principal amount of up to $~~133,000.00 prior to entry of a final order on the Motion and~~400,000.00 pursuant to the terms of the ~~Revised~~Amended DIP Note, which borrowing shall be used only for payment of interest payments to CNB, Washtenaw County and/or City of

Ann Arbor Real Estate Taxes, Higley and payment of U.S. Trustee fees as set forth in the revised budget filed on April 21, 2026 ("Budget"; ECF No. 96).

3. The Debtor is authorized to execute and deliver the ~~Revised~~Amended DIP Note.

4. Upon the Debtor's execution and delivery of the ~~Revised~~Amended DIP Note, the ~~Revised~~Amended DIP Note and the obligations set forth therein shall constitute valid, binding and unavoidable obligations of the Debtor, enforceable against Debtor in accordance with the terms thereof and of this ~~Interim~~Final Order.

5. Pursuant to section 364(c)(1) of the Bankruptcy Code, except as set forth in paragraph 17 below, and only to the extent of the amount that the Debtor borrows under the ~~Revised~~Amended DIP Note pursuant to this ~~Interim~~Final Order, the DIP Lender shall have an allowed claim against the Debtor with priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code.

6. As security for the amount that the Debtor borrows under the ~~Revised~~Amended DIP Note pursuant to this ~~Interim~~Final Order, effective and perfected upon entry of this ~~Interim~~Final Order (and without the necessity of filing a financing statement or recording any document), except as set forth in paragraph 17 below: (i) pursuant to section 364(c)(2) of the Bankruptcy Code, the DIP

Lender is granted a lien on all property of the Debtor's estate that is not otherwise subject to a lien, and (ii)  pursuant to section 364(c)(3) of the Bankruptcy Code, the DIP Lender is granted a junior lien on all property of the Debtor's estate that is subject to a lien.

7. In all instances, the liens granted to the DIP Lender pursuant to this ~~Interim~~Final Order are subject to existing mortgage liens in favor of County National Bank, Prentice Partners of Ann Arbor, LLC, and Brownstone Realty Advisors, LLC, ~~a~~and construction ~~lien in favor of Higley,~~liens (unless duplicative or subsequently disallowed, in whole or in part, by this Court or another court of competent jurisdiction) in favor of Synecdoche Design Studio LLC, Higley, Building Decommission Services, LLC (d/b/a BDS Environmental), Industrial Fence & Landscaping, and Blue Star, Inc., SmithGroup, Inc. and Permitted Third Party Liens[2] (~~All~~all liens and security interests granted to the DIP Lender pursuant to this ~~Interim~~Final Order and the ~~Revised~~Amended DIP Note are collectively, the "DIP Liens").

8. All such security interests provided in this ~~Interim~~Final Order shall be created and perfected automatically pursuant to this ~~Interim~~Final Order.

---

[2] "Permitted Third Party Liens" shall mean any liens that are senior by operation of law (including liens securing the payment of real property taxes and any such liens that are perfected subsequent to the Petition Date as permitted by Bankruptcy Code Section 546(b)).

Notwithstanding the foregoing, the DIP Lender shall not have any lien or security interest in any property of the Debtor as to which the granting of a lien or security interest in such assets would be prohibited by contract, covenant, or applicable law.

9. A certified copy of this ~~Interim~~Final Order may, in the discretion of the DIP Lender, be filed with or recorded in filing or recording offices, and all filing offices are hereby authorized to accept such certified copy of this ~~Interim~~Final Order for filing and recording. For the avoidance of doubt, the automatic stay of section 362(a) of the Bankruptcy Code shall be modified to the extent necessary to permit the DIP Lender to take all actions, as applicable, referenced in this paragraph.

10. In the event of any of the following, the DIP Lender may request the Court's determination that such occurrence is an "Event of Default" and seek appropriate remedies for same: (i) an order converting or dismissing this Bankruptcy Case; (ii) an order appointing a chapter 11 trustee in this Bankruptcy Case, without the consent of the DIP Lender; or (iii) an order appointing an examiner with enlarged powers in this Bankruptcy Case.

11. Pursuant to section 364(e) of the Bankruptcy Code, if any or all of the provisions of this ~~Interim~~Final Order are hereafter reversed or modified on appeal then, absent a stay pending appeal, such reversal or modification shall not

affect (i) the validity of any of the Debtor's obligations to the DIP Lender incurred prior to the pendency of the appeal or (ii) the validity or enforceability of any lien or priority authorized or created by this ~~Interim~~Final Order with respect thereto.

12. The proceeds of the DIP Loan shall only be used in accordance with the terms of ~~Revised~~Amended DIP Note, the Budget, and this ~~Interim~~Final Order.

13. All obligations under the ~~Revised~~Amended DIP Note shall be immediately due and payable upon (i) an Event of Default, or (ii) as set forth in the ~~Revised~~Amended DIP Note.

14. All rights of the DIP Lender under this Final Order are subject to the DIP Lender's contractual obligations to CNB, including, without limitation, the DIP Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023.

15. This Court shall retain jurisdiction to enforce this ~~Interim~~Final Order according to its terms. In the event of any inconsistency between the provisions of this ~~Interim~~Final Order and the ~~Revised~~Amended DIP Note, the provisions of this ~~Interim~~Final Order shall govern.

16. This ~~Interim~~Final Order shall be immediately effective and enforceable upon its entry.

17. Notwithstanding anything to the contrary in this ~~Interim~~Final Order, or in the ~~Revised~~Amended DIP Note, or in any other document or instrument

whatsoever, any security interest or lien granted to the DIP Lender *excludes* (i) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code ("Avoidance Claims"), (ii) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("Avoidance Proceeds"), (iii) any intercompany claims, and (iv) any claims against the estate of Margaret Poscher, Prentice Partners of Ann Arbor, LLC, or any entity or estate in which Heidi Poscher has a direct or indirect interest, and no superpriority claim, administrative claim, or other priority claim under this ~~Interim~~Final Order shall be payable from or have recourse to any of the foregoing.

18. ~~The Debtor must, within twenty four (24) hours following the entry of this Interim Order, serve copies of this Interim Order on all secured creditors, all creditors included on the list filed under Fed.R.Bankr.P 1007(d), any adverse party relative to the relief requested in the Motion, any party that filed a response to the Motion, the United States Trustee, the Washtenaw County Circuit Court Receiver of Prentice Partners of Ann Arbor, LLC, and all parties listed on the Court's mailing matrix in this case, and all other parties who are required to be served under Fed.R.Bankr.P. 4001(d), and E.D. Mich. LBR 9013-1. **All parties seeking to object to the Motion or to this Interim Order (or to the entry of a final order on the Motion) must file a written objection by May 11, 2026, at**~~

**5:00 p.m. The Final Hearing on the Motion shall be held in person on May 18, 2026, at 10:00 a.m. before Judge Lisa S. Gretchko in Courtroom 1975, 211 W. Fort St., Detroit, Michigan 48226.**

| Summary report: Litera Compare for Word 11.8.0.56 Document comparison done on 5/20/2026 12:05:53 PM | |
|---|---|
| **Style name:** TaftStandard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://taft-mobility.imanage.work/ACTIVE/200551681/1 | |
| **Modified DMS:** iw://taft-mobility.imanage.work/ACTIVE/200551681/2 | |
| **Changes:** | |
| Add | 57 |
| Delete | 60 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 117 |

**EXHIBIT C**

**AMENDED AND RESTATED**

**PROMISSORY NOTE**[1]

Dated: May    , 2026

  **FOR VALUE RECEIVED, South Town by 4M LLC** ("Borrower"), Debtor in Chapter 11 Case No. 26-40805-lsg in the U.S. Bankruptcy Court for the Eastern District of Michigan (the "Chapter 11 Case") promises to pay to the order of **Heidi Caroline Poscher** ("Lender") on the Maturity Date (as defined below) at 1919 S. Industrial Hwy, Ann Arbor, MI 48104 or at such other place as Lender may designate in writing, the principal sum equal to Four Hundred Thousand Dollars ($400,000.00) (the "Debt") or so much as has been advanced by Lender and not repaid pursuant to this Promissory Note (the "Note"), plus interest as hereinafter provided, in lawful money of the United States. This Note amends, restates and includes all sums authorized and subject to the Promissory Note (ECF No. 103 in the Chapter 11 Case) entered into by and between Borrower and Lender pursuant to the *Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* (ECF No. 105 in the Chapter 11 Case).

  Subject to the terms of the Final DIP Order (defined below), this Note shall be accorded super-priority administrative expense status in the Chapter 11 Case, pursuant to Bankruptcy Code Section 364(c)(1), and shall be secured by a lien on Borrower's property that is not otherwise subject to a lien, pursuant to Bankruptcy Code Section 364(c)(2), and by a junior lien on Borrower's property that is subject to a lien, in accordance with Bankruptcy Code Section 364(c)(3).

  All funds advanced must be used in accordance with the final order ("Final DIP Order") of the United States Bankruptcy Court for the Eastern District of Michigan in Borrower's Chapter 11 Case approving this Note and the debtor-in-possession financing from Lender to Borrower only for payment of interest payments to County National Bank, the City of Ann Arbor and/or Washtenaw County Treasurer (for real estate taxes), The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees as set forth in the Budget (as defined in the Final DIP Order).

  The unpaid principal balance outstanding from time to time under this Note shall bear interest at seven percent (7%) per annum. Interest shall be calculated on the basis of a 360 day year for the actual number of days elapsed. In the event of default, the "Default Rate" shall be nine percent (9%) per annum.

  The unpaid principal balance and all accrued interest thereon shall be due and payable in full upon the earlier of (i) the effective date of Debtor's confirmed Chapter 11 Plan in the Bankruptcy Case, or (ii) the later of (a) 30 days after the expiration of Debtor's exclusivity and solicitation periods and (b) the date that is one hundred twenty (120) days after the entry of a final order approving the Final DIP Order (collectively, the "Maturity Date"). All rights of Lender under this Note are subject to Lender's contractual obligations to County National Bank, including without

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Final DIP Order.

1

limitations, Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023.  All payments to Lender under this Note will be held in trust for, and paid to, County National Bank unless County National Bank has been fully paid.

Borrower may prepay all or any portion of the indebtedness outstanding hereunder at any time, without premium or penalty.

Nothing herein contained, nor any transaction relating thereto, or hereto, shall be construed or operate to require Borrower to pay, or be charged, interest at a greater rate than the maximum allowed by the applicable law relating to this Note.  Should any interest or other charges, charged, paid or payable by Borrower in connection with this Note, or any other document delivered in connection herewith, result in the charging, compensation, payment or earning of interest in excess of the maximum allowed by the applicable law as aforesaid, then any and all such excess shall be and the same is hereby waived by the holder, and any and all such excess paid shall be automatically credited against and in reduction of the principal due under this Note.

If any Event of Default (as defined in the Final DIP Order) occurs under the Final DIP E

Borrower hereby waives presentment for payment, demand, notice of non-payment, notice of protest and protest of this Note, diligence in collection or bringing suit.

Neither Borrower nor Lender shall assign their respective rights or obligations under this Note (except the assignment of Lender's rights to County National Bank as stated above).

This Note is to be construed in accordance with the internal laws (but not the law of conflicts) of the State of Michigan.

**IN RECOGNITION OF THE HIGHER COSTS AND DELAY WHICH MAY RESULT FROM A JURY TRIAL, BORROWER AND LENDER WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING HEREUNDER OR IN CONNECTION WITH THE OBLIGATIONS, OR (B) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND BORROWER FURTHER WAIVES ANY RIGHT TO CONSOLIDATE ANY SUCH ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED; AND BORROWER HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY HERETO MAY FILE AN ORIGINAL COPY OF THIS NOTE WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF BORROWER TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY.**

[Signatures on the following page.]

2

[Signature Page to Promissory Note]

"**BORROWER"**

**South Town by 4M LLC**

By: _____

Its: _____

Address: _____

_____

**ACCEPTED AND AGREED TO:**
**"LENDER"**

_____

Heidi Caroline Poscher

**EXHIBIT D**

**AMENDED AND RESTATED**

**PROMISSORY NOTE[1]**

Dated: ~~April~~ May      , 2026

**FOR VALUE RECEIVED, South Town by 4M LLC** ("Borrower"), Debtor in Chapter 11 Case No. 26-40805-lsg in the U.S. Bankruptcy Court for the Eastern District of Michigan (the "Chapter 11 Case") promises to pay to the order of **Heidi Caroline Poscher** ("Lender") on the Maturity Date (as defined below) at 1919 S. Industrial Hwy, Ann Arbor, MI 48104 or at such other place as Lender may designate in writing, the principal sum equal to ~~One~~Four Hundred ~~Thirty Three~~ Thousand Dollars ($~~133,000.00)~~400,000.00) (the "Debt") or so much as has been advanced by Lender and not repaid pursuant to this Promissory Note (the "Note"), plus interest as hereinafter provided, in lawful money of the United States. This Note amends, restates and includes all sums authorized and subject to the Promissory Note (ECF No. 103 in the Chapter 11 Case) entered into by and between Borrower and Lender pursuant to the *Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* (ECF No. 105 in the Chapter 11 Case).

Subject to the terms of the ~~Interim~~Final DIP Order (defined below), this Note shall be accorded super-priority administrative expense status in the Chapter 11 Case, pursuant to Bankruptcy Code Section 364(c)(1), and shall be secured by a lien on Borrower's property that is not otherwise subject to a lien, pursuant to Bankruptcy Code Section 364(c)(2), and by a junior lien on Borrower's property that is subject to a lien, in accordance with Bankruptcy Code Section 364(c)(3).

All funds advanced must be used in accordance with the ~~interim~~final order ("~~Interim~~Final DIP Order") of the United States Bankruptcy Court for the Eastern District of Michigan in Borrower's Chapter 11 Case approving this Note and the debtor-in-possession financing from Lender to Borrower only for payment of interest payments to County National Bank, the City of Ann Arbor and/or Washtenaw County Treasurer (for real estate taxes), The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees as set forth in the Budget (as defined in the ~~Interim~~Final DIP Order).

The unpaid principal balance outstanding from time to time under this Note shall bear interest at seven percent (7%) per annum. Interest shall be calculated on the basis of a 360 day year for the actual number of days elapsed. In the event of default, the "Default Rate" shall be nine percent (9%) per annum.

The unpaid principal balance and all accrued interest thereon shall be due and payable in full upon the earlier of (i) the effective date of Debtor's confirmed Chapter 11 Plan in the Bankruptcy Case, or (ii) the later of (a) 30 days after the expiration of Debtor's exclusivity and solicitation periods and (b) the date that is one hundred twenty (120) days after the entry of a final order

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the ~~Interim~~Final DIP Order.

approving the ~~Interim~~Final DIP Order (collectively, the "Maturity Date"). All rights of Lender under this Note are subject to Lender's contractual obligations to County National Bank, including without limitations, Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023. All payments to Lender under this Note will be held in trust for, and paid to, County National Bank unless County National Bank has been fully paid.

Borrower may prepay all or any portion of the indebtedness outstanding hereunder at any time, without premium or penalty.

Nothing herein contained, nor any transaction relating thereto, or hereto, shall be construed or operate to require Borrower to pay, or be charged, interest at a greater rate than the maximum allowed by the applicable law relating to this Note. Should any interest or other charges, charged, paid or payable by Borrower in connection with this Note, or any other document delivered in connection herewith, result in the charging, compensation, payment or earning of interest in excess of the maximum allowed by the applicable law as aforesaid, then any and all such excess shall be and the same is hereby waived by the holder, and any and all such excess paid shall be automatically credited against and in reduction of the principal due under this Note.

If any Event of Default (as defined in the ~~Interim~~Final DIP Order) occurs under the ~~Interim~~Final DIP Order, it shall also constitute an "Event of Default" under this Note.

Borrower hereby waives presentment for payment, demand, notice of non-payment, notice of protest and protest of this Note, diligence in collection or bringing suit.

Neither Borrower nor Lender shall assign their respective rights or obligations under this Note (except the assignment of Lender's rights to County National Bank as stated above).

This Note is to be construed in accordance with the internal laws (but not the law of conflicts) of the State of Michigan.

**IN RECOGNITION OF THE HIGHER COSTS AND DELAY WHICH MAY RESULT FROM A JURY TRIAL, BORROWER AND LENDER WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING HEREUNDER OR IN CONNECTION WITH THE OBLIGATIONS, OR (B) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND BORROWER FURTHER WAIVES ANY RIGHT TO CONSOLIDATE ANY SUCH ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED; AND BORROWER HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY HERETO MAY FILE AN ORIGINAL COPY OF THIS NOTE WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF BORROWER TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY.**

2

[Signatures on the following page.]

[Signature Page to Promissory Note]

"**BORROWER"**

**South Town by 4M LLC**

By: _____

Its: _____

Address: _____

_____

**ACCEPTED AND AGREED TO:**
**"LENDER"**

_____

Heidi Caroline Poscher

| | |
|---|---|
| **Summary report:**<br>**Litera Compare for Word 11.12.0.83 Document comparison done on**<br>**5/14/2026 9:30:09 AM** | |
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4905-5405-3796/2/Amended and Restated Promissory Note draft 5 8 2026.docx | |
| **Modified DMS:** nd://4905-5405-3796/4/Amended and Restated Promissory Note draft 5 8 2026.docx | |
| **Changes:** | |
| Add | 13 |
| Delete | 12 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 25 |