UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

South Town by 4M LLC,

               Debtor.

_____/

Case No. 26-40805-lsg
Chapter 11
Hon. Lisa S. Gretchko

## FINAL ORDER (A) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION SECURED FINANCING; AND (B) GRANTING LIENS, SECURITY INTERESTS, AND SUPERPRIORITY CLAIM

This matter came before the Court upon the Debtor's Motion for Entry of an Order (a) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (b) Granting Liens, Security Interests, and Superpriority Claim ("Motion"; ECF No. 79). Interim hearings on the Motion were held on April 20, 2026 and April 22, 2026 (collectively, the "Interim Hearings"). On April 24, 2026, the Court entered the Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim ("Interim Order"; ECF No. 105). Pursuant to the Interim Order, parties had until May 11, 2026 to file an objection to the Motion or to the Interim Order. No objections were filed, and the final hearing on the Motion ("Final Hearing") was held on May 18, 2026. The Court has reviewed the Motion and other pertinent filings in this matter, has considered the statements made at the Interim Hearings and the Final Hearing, and is advised in the premises.

THE COURT HEREBY FINDS that:

A. Good and sufficient cause has been shown for the entry of this Final Order and the relief granted herein is necessary to avoid immediate and irreparable harm to the Debtor and its estate. [1]

B. The Debtor has an immediate and critical need to obtain financing in the total amount of $400,000 (which includes the amounts set forth in the revised DIP Note filed on April 23, 2026 ("Revised DIP Note"; ECF No. 103) in the amount of $133,000.00) to provide interest payments to County National Bank ("CNB"), Washtenaw County and/or City of Ann Arbor Real Estate Taxes, The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees, in order to allow the Debtor additional time to formulate its plan of reorganization ("Plan"). The Debtor has filed an Amended and Restated DIP Note ("Amended DIP Note"; ECF No. 123) to reflect the entirety of the DIP Loan.

C. The Debtor is unable to obtain financing on more favorable terms from sources other than the DIP Lender under the Amended DIP Note and is unable to obtain adequate unsecured credit allowable

---

[1] Capitalized terms used but not defined in this Order shall have the meaning ascribed to them in the Motion.

under section 503(b)(1) of the Bankruptcy Code as an administrative expense.

D. The Debtor is unable to obtain secured credit without the Debtor granting to the DIP Lender a superpriority claim and the DIP Liens (as defined herein) under the terms and conditions set forth in this Final Order and in the Amended DIP Note.

E. The terms of the Amended DIP Note are objectively fair and reasonable, and the obligations set forth therein constitute reasonably equivalent value and fair consideration.

F. The Amended DIP Note represents a reasonable loan arrangement between the Debtor and the DIP Lender.

G. The Debtor has requested entry of this Final Order pursuant to Fed.R.Bankr.P. 4001(c)(2). Absent granting the relief set forth in this Final Order, the Debtor's estate will be immediately and irreparably harmed. Delivery of the Amended DIP Note in accordance with this Final Order is in the best interests of the Debtor's estate.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion is granted in accordance with the terms of this Final Order.

2. The Debtor is authorized to borrow money from Heidi Caroline Poscher, the responsible person for the Debtor, in an aggregate principal amount of up to $400,000.00 pursuant to the terms of the Amended DIP Note, which borrowing shall be used only for payment of interest payments to CNB, Washtenaw County and/or City of Ann Arbor Real Estate Taxes, Higley and payment of U.S. Trustee fees as set forth in the revised budget filed on April 21, 2026 ("Budget"; ECF No. 96).

3. The Debtor is authorized to execute and deliver the Amended DIP Note.

4. Upon the Debtor's execution and delivery of the Amended DIP Note, the Amended DIP Note and the obligations set forth therein shall constitute valid, binding and unavoidable obligations of the Debtor, enforceable against the Debtor in accordance with the terms thereof and of this Final Order.

5. Pursuant to section 364(c)(1) of the Bankruptcy Code, except as set forth in paragraph 17 below, and only to the extent of the amount that the Debtor borrows under the Amended DIP Note pursuant to this Final Order, the DIP Lender shall have an allowed claim against the Debtor with priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code.

6. As security for the amount that the Debtor borrows under the Amended DIP Note pursuant to this Final Order, effective and perfected upon entry of this Final

Order (and without the necessity of filing a financing statement or recording any document), except as set forth in paragraph 17 below: (i) pursuant to section 364(c)(2) of the Bankruptcy Code, the DIP Lender is granted a lien on all property of the Debtor's estate that is not otherwise subject to a lien, and (ii) pursuant to section 364(c)(3) of the Bankruptcy Code, the DIP Lender is granted a junior lien on all property of the Debtor's estate that is subject to a lien.

7.     In all instances, the liens granted to the DIP Lender pursuant to this Final Order are subject to existing mortgage liens in favor of County National Bank, Prentice Partners of Ann Arbor, LLC, and Brownstone Realty Advisors, LLC, and construction liens (unless duplicative or subsequently disallowed, in whole or in part, by this Court or another court of competent jurisdiction) in favor of Synecdoche Design Studio LLC, Higley, Building Decommission Services, LLC (d/b/a BDS Environmental), Industrial Fence & Landscaping, Blue Star, Inc., and SmithGroup, Inc. and Permitted Third Party Liens[2] (all liens and security interests granted to the DIP Lender pursuant to this Final Order and the Amended DIP Note are collectively, the "DIP Liens").

---

[2] "Permitted Third Party Liens" shall mean any liens that are senior by operation of law (including liens securing the payment of real property taxes and any such liens that are perfected subsequent to the Petition Date as permitted by Bankruptcy Code Section 546(b)).

8. All such security interests provided in this Final Order shall be created and perfected automatically pursuant to this Final Order. Notwithstanding the foregoing, the DIP Lender shall not have any lien or security interest in any property of the Debtor as to which the granting of a lien or security interest in such assets would be prohibited by contract, covenant, or applicable law.

9. A certified copy of this Final Order may, in the discretion of the DIP Lender, be filed with or recorded in filing or recording offices, and all filing offices are hereby authorized to accept such certified copy of this Final Order for filing and recording. For the avoidance of doubt, the automatic stay of section 362(a) of the Bankruptcy Code shall be modified to the extent necessary to permit the DIP Lender to take all actions, as applicable, referenced in this paragraph.

10. In the event of any of the following, the DIP Lender may request the Court's determination that such occurrence is an "Event of Default" and seek appropriate remedies for same: (i) an order converting or dismissing this Bankruptcy Case; (ii) an order appointing a chapter 11 trustee in this Bankruptcy Case, without the consent of the DIP Lender; or (iii) an order appointing an examiner with enlarged powers in this Bankruptcy Case.

11. Pursuant to section 364(e) of the Bankruptcy Code, if any or all of the provisions of this Final Order are hereafter reversed or modified on appeal then, absent a stay pending appeal, such reversal or modification shall not affect (i) the

validity of any of the Debtor's obligations to the DIP Lender incurred prior to the pendency of the appeal or (ii) the validity or enforceability of any lien or priority authorized or created by this Final Order with respect thereto.

12. The proceeds of the DIP Loan shall only be used in accordance with the terms of the Amended DIP Note, the Budget, and this Final Order.

13. All obligations under the Amended DIP Note shall be immediately due and payable upon (i) an Event of Default, or (ii) as set forth in the Amended DIP Note.

14. All rights of the DIP Lender under this Final Order are subject to the DIP Lender's contractual obligations to CNB, including, without limitation, the DIP Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023.

15. This Court shall retain jurisdiction to enforce this Final Order according to its terms. In the event of any inconsistency between the provisions of this Final Order and the Amended DIP Note, the provisions of this Final Order shall govern.

16. This Final Order shall be immediately effective and enforceable upon its entry.

17. Notwithstanding anything to the contrary in this Final Order, or in the Amended DIP Note, or in any other document or instrument whatsoever, any security interest or lien granted to the DIP Lender *excludes* (i) any claims pursuant

to Sections 502(d), 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code ("Avoidance Claims"), (ii) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("Avoidance Proceeds"), (iii) any intercompany claims (and the proceeds thereof), and (iv) any claims against the estate of Margaret Poscher, Prentice Partners of Ann Arbor, LLC, or any entity or estate in which Heidi Poscher has a direct or indirect interest (and the proceeds thereof), and no superpriority claim, administrative claim, or other priority claim under this Final Order shall be payable from or have recourse to any of the foregoing.

**Signed on May 22, 2026**



/s/ Lisa S. Gretchko

**Lisa S. Gretchko**
**United States Bankruptcy Judge**