**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In Re:

South Town by 4M LLC,

　　　　　　　　Debtor.

_____/

Case No. 26-40805-lsg
Chapter 11
Hon. Lisa S. Gretchko

## ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO INCREASE THE AMOUNT OF ITS POST-PETITION FINANCING

This matter came before the Court upon the Debtor's Motion for Entry of an Order Authorizing the Debtor to Increase the Amount of Its Post-Petition Financing ("Motion"; ECF No. 132) and the Debtor's Ex Parte Motion to Expedite Hearing on the Motion ("Expediting Motion"; ECF No. 134). On July 9, 2026, the Court entered an order ("Order for Expedited Hearing"; ECF No. 137) granting the Expediting Motion and scheduling an expedited hearing on the Motion for July 17, 2026. On July 14, 2026, the Court entered a stipulated order (ECF No. 142) rescheduling the expedited hearing on the Motion for July 24, 2026. The orders scheduling the expedited hearing on the Motion provided that any objection to the Motion could be raised at the hearing. Required parties were served with the Motion and with notice of the expedited hearing thereon.

On July 14, 2026, a stipulation ("Stipulation"; ECF No. 140) among the Debtor, County National Bank, Heidi Caroline Poscher, the Washtenaw County Circuit Court

Receiver of Prentice Partners of Ann Arbor, LLC, and the U.S. Trustee was filed, consenting to the terms of this Order.

On July 22, 2026, the Debtor filed a supplement to the Motion ("Supplement"; ECF No. 150). On July 27, 2026, the Debtor filed additional exhibits to the Supplement ("Additional Exhibits to the Supplement"; ECF No. 152).

On July 24, 2026, the Court held the expedited hearing on the Motion ("Hearing"). No objection to the Motion was filed or raised at the Hearing. The Court has reviewed the Motion, the Supplement, the Additional Exhibits to the Supplement, the Stipulation and other pertinent filings in this matter, has considered the statements made at the Hearing, and is advised in the premises.

THE COURT HEREBY FINDS that:

A. On May 22, 2026, the Court entered its Final Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim ("Final DIP Financing Order"; ECF No. 125), and in connection therewith, the Debtor and Heidi Caroline Poscher ("DIP Lender") entered into the Amended and Restated Promissory Note referenced therein ("First Amended DIP Note", the form of which was filed at ECF No. 123), pursuant to which the Debtor was authorized to borrow up to $400,000 ("Initial DIP Borrowing").

B. The Debtor has an immediate and critical need to obtain additional debtor-in-possession financing in the amount of $250,000, to continue to provide

interest-only payments to County National Bank ("CNB"), Washtenaw County and/or the City of Ann Arbor, The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees, in order to permit the Debtor to comply with the provisions of Section 362(d)(3) of the Bankruptcy Code.

C.     The form of the Debtor's Second Amended and Restated DIP Note ("Second Amended DIP Note") was filed on July 27, 2026 as one of the Additional Exhibits to the Supplement (ECF No. 152) and it reflects an increase in the Initial DIP Borrowing from $400,000 to $650,000.

D.     The Debtor is unable to obtain financing on more favorable terms from sources other than the DIP Lender under the Second Amended DIP Note and is unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.

E.     The Debtor is unable to obtain secured credit without the Debtor granting to the DIP Lender a superpriority claim and the DIP Liens (as defined herein) under the terms and conditions set forth in this Order and in the Second Amended DIP Note.

F.     The terms of the Second Amended DIP Note are objectively fair and reasonable, and the obligations set forth therein constitute reasonably equivalent value and fair consideration.

G.     The Second Amended DIP Note represents a reasonable loan arrangement between the Debtor and the DIP Lender.

H.     Absent granting the relief set forth in this Order, the Debtor's estate will be immediately and irreparably harmed.  Delivery of the Second Amended DIP Note in accordance with this Order is in the best interests of the Debtor's estate.[1]

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.     The Motion is granted in accordance with the terms of this Order.

2.     The Debtor is authorized to increase the Initial DIP Borrowing from $400,000 to $650,000 pursuant to the terms of the Second Amended DIP Note, which borrowing shall be used only for payment of interest payments to CNB, Washtenaw County and/or City of Ann Arbor Real Estate Taxes, Higley and payment of U.S. Trustee fees as set forth in the Amended Budget attached as Exhibit B to the Motion ("Amended Budget").

3.     The Debtor is authorized to execute and deliver the Second Amended DIP Note.

4.     Upon the Debtor's execution and delivery of the Second Amended DIP Note, the Second Amended DIP Note and the obligations set forth therein shall constitute valid, binding and unavoidable obligations of the Debtor, enforceable against the Debtor in accordance with the terms thereof and of this Order.

5.     Pursuant to section 364(c)(1) of the Bankruptcy Code, except as set forth in paragraph 17 below, and only to the extent of the amount that the Debtor borrows

---

[1] Capitalized terms used but not defined in this Order shall have the meaning ascribed to them in the Motion.

under the Second Amended DIP Note pursuant to this Order, the DIP Lender shall have an allowed claim against the Debtor with priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code.

6. As security for the amount that the Debtor borrows under the Second Amended DIP Note pursuant to this Order, effective and perfected upon entry of this Order (and without the necessity of filing a financing statement or recording any document), except as set forth in paragraph 17 below: (i) pursuant to section 364(c)(2) of the Bankruptcy Code, the DIP Lender is granted a lien on all property of the Debtor's estate that is not otherwise subject to a lien, and (ii) pursuant to section 364(c)(3) of the Bankruptcy Code, the DIP Lender is granted a junior lien on all property of the Debtor's estate that is subject to a lien.

7. In all instances, the liens granted to the DIP Lender pursuant to this Order are subject to existing mortgage liens in favor of County National Bank, Prentice Partners of Ann Arbor, LLC, and Brownstone Realty Advisors, LLC, and construction liens (unless duplicative or subsequently disallowed, in whole or in part, by this Court or another court of competent jurisdiction) in favor of Synecdoche Design Studio LLC, Higley, Building Decommission Services, LLC (d/b/a BDS Environmental), Industrial Fence & Landscaping, Blue Star, Inc., and SmithGroup, Inc. and Permitted Third Party

Liens[2] (all liens and security interests granted to the DIP Lender pursuant to this Order and the Second Amended DIP Note are collectively, the "DIP Liens").

8. All such security interests provided in this Order shall be created and perfected automatically pursuant to this Order. Notwithstanding the foregoing, the DIP Lender shall not have any lien or security interest in any property of the Debtor as to which the granting of a lien or security interest in such assets would be prohibited by contract, covenant, or applicable law.

9. A certified copy of this Order may, in the discretion of the DIP Lender, be filed with or recorded in filing or recording offices, and all filing offices are hereby authorized to accept such certified copy of this Order for filing and recording. For the avoidance of doubt, the automatic stay of section 362(a) of the Bankruptcy Code shall be modified to the extent necessary to permit the DIP Lender to take all actions, as applicable, referenced in this paragraph.

10. In the event of any of the following, the DIP Lender may request the Court's determination that such occurrence is an "Event of Default" and seek appropriate remedies for same: (i) an order converting or dismissing this Bankruptcy Case; (ii) an order appointing a chapter 11 trustee in this Bankruptcy Case, without the

---

[2] "Permitted Third Party Liens" shall mean any liens that are senior by operation of law (including liens securing the payment of real property taxes and any such liens that are perfected subsequent to the Petition Date as permitted by Bankruptcy Code Section 546(b)).

consent of the DIP Lender; or (iii) an order appointing an examiner with enlarged powers in this Bankruptcy Case.

11. Pursuant to section 364(e) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed or modified on appeal then, absent a stay pending appeal, such reversal or modification shall not affect (i) the validity of any of the Debtor's obligations to the DIP Lender incurred prior to the pendency of the appeal or (ii) the validity or enforceability of any lien or priority authorized or created by this Order with respect thereto.

12. The additional amounts to be loaned by the DIP Lender shall only be used in accordance with the terms of Second Amended DIP Note, the Amended Budget, and this Order.

13. All obligations under the Second Amended DIP Note shall be immediately due and payable upon (i) an Event of Default, or (ii) as set forth in the Second Amended DIP Note.

14. All rights of the DIP Lender under this Order are subject to the DIP Lender's contractual obligations to CNB, including, without limitation, the DIP Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023.

15. This Court shall retain jurisdiction to enforce this Order according to its terms. In the event of any inconsistency between the provisions of this Order and the Motion, the Supplement, the Additional Exhibits to the Supplement, the Stipulation, the

First Amended DIP Note, the Second Amended DIP Note, and/or the Final DIP Financing Order (ECF No. 125), the provisions of this Order shall govern.

16.     This Order shall be immediately effective and enforceable upon its entry.

17.     Notwithstanding anything to the contrary in this Order, or in the Second Amended DIP Note, or in any other document or instrument whatsoever, any security interest or lien granted to the DIP Lender *excludes* (i) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code ("Avoidance Claims"), (ii) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("Avoidance Proceeds"), (iii) any intercompany claims (and the proceeds thereof), and (iv) any claims against the estate of Margaret Poscher, Prentice Partners of Ann Arbor, LLC, or any entity or estate in which Heidi Caroline Poscher has a direct or indirect interest (and the proceeds thereof), and no superpriority claim, administrative claim, or other priority claim under this Order shall be payable from or have recourse to any of the foregoing.

**Signed on July 27, 2026**



/s/ **Lisa S. Gretchko**
_____
**Lisa S. Gretchko**
**United States Bankruptcy Judge**