UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 26-40805-lsg |
| South Town by 4M LLC, | Chapter 11 |
| Debtor. | Hon. Lisa S. Gretchko |

_________________________/

**SUPPLEMENT TO THE SECOND MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO INCREASE THE AMOUNT OF ITS POST-PETITION FINANCING**

The Debtor, South Town by 4M LLC (the "Debtor"), files this *Supplement to the Second Motion for Entry of an Order Authorizing the Debtor to Increase the Amount of the its Post-Petition Financing* (the "Second Supplement") to comply with the Court's request on the record during the status conference on September 11, 2026, and provide the requested documentation to the Court.

On September 8, 2026, the Debtor filed the Second DIP Increase Motion[1] which included a proposed Second Amended DIP Financing Order attached as Exhibit A and a Third Amended DIP Note attached as Exhibit D [ECF No. 192]. In order to account for changes discussed during the status conference held on September 11, 2026, and the filing of this Second Supplement, the Debtor made

[1] Terms not defined herein shall have the meaning ascribed to them in the *Second Motion for Entry of an Order Authorizing the Debtor to Increase the Amount of its Post-Petition Financing* [ECF No. 192].

303780094v2

changes to the previously filed Exhibits A and D to ECF No. 192. The changes made are described below and attached hereto as redline comparisons for the Court.

1. **Exhibit A** to the Second Supplement is the redline comparison of the proposed Second Amended DIP Financing Order attached as Exhibit A to the Second DIP Increase Motion [ECF No. 192] to the revised version of the proposed Second Amended DIP Financing Order attached hereto as Exhibit E to reflect pleadings filed prior to and changes discussed during the September 11 Status Conference.

2. **Exhibit B** to the Second Supplement is a redline comparison of the proposed Second Amended DIP Financing Order attached here to as Exhibit E against the First Amended DIP Financing Order [ECF No. 153].

3. **Exhibit C** to the Second Supplement is the redline comparison of the proposed Third Amended DIP Note attached as Exhibit D to the Second DIP Increase Motion [ECF No. 192] to the revised version of the proposed revised Third Amended DIP Note attached hereto as Exhibit F to reflect pleadings filed prior to and changes discussed during the September 11 Status Conference.

4. **Exhibit D** to the Second Supplement is a redline comparison of the proposed Third Amended DIP Note, against the Second Amended DIP Note, which was attached as Exhibit C to the Supplement [ECF No. 152] and previously approved by the Court in the Final Amended DIP Financing Order [ECF No. 153].

5. **Exhibit E** to the Second Supplement is the revised and proposed Order Granting Debtor's Second Motion for Authority to Increase the Amount of Its Post-Petition Financing (the "Second Amended DIP Financing Order").

6. **Exhibit F** to the Second Supplement is the proposed Third Amended and Restated DIP Note (the "Third Amended DIP Note") reflecting the proposed increase in the First Amended DIP Loan from $650,000 to $785,000.

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

/s/ *Anthony Cimini*
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
Anthony Cimini (P86223)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com
acimini@taftlaw.com

Dated: September 14, 2026 *Counsel to the Debtor, South Town by 4M LLC*

# EXHIBIT A

**Redline Comparison of Proposed Second Amended DIP Financing Order attached hereto as Exhibit E against Exhibit A to ECF No. 192**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

South Town by 4M LLC,

Debtor.
______________________________/

Case No. 26-40805-lsg
Chapter 11
Hon. Lisa S. Gretchko

**ORDER GRANTING DEBTOR'S SECOND MOTION FOR AUTHORITY TO INCREASE THE AMOUNT OF ITS POST-PETITION FINANCING**

This matter came before the Court upon the Debtor's Second Motion for Entry of an Order Authorizing the Debtor to Increase the Amount of Its Post-Petition Financing ("~~Second DIP Increase~~ Motion"; ECF No. ~~_____), notice was given, and~~ 192) and the Debtor's Ex Parte Motion to Expedite Hearing on the Motion ("Expediting Motion"; ECF No. 198). On September 11, 2026, the Court entered an order ("Order for Expedited Hearing"; ECF No. 200) granting the Expediting Motion and scheduling an expedited hearing on the Motion for September 18, 2026. The Order for Expedited Hearing provided that any objection to the Motion must be filed by 1:00 p.m. on September 17, 2026.

On September 14, 2026, the Debtor filed a supplement to the Motion ("Supplement"; ECF No. ____).

On September 18, 2026, the Court held athe expedited hearing on __________, 2026the Motion ("Hearing"). No objection to the Second DIP Increase Motion was filed or raised at the Hearing. The Court has reviewed the Second DIP Increase Motion, the Supplement, and other pertinent filings in this matter, has considered the statements made at the Hearing, and is advised in the premises.

THE COURT HEREBY FINDS that:

A. On May 22, 2026, the Court entered its Final Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim ("Final DIP Financing Order"; ECF No. 125), and in connection therewith, the Debtor and Heidi Caroline Poscher ("DIP Lender") entered into the Amended and Restated Promissory Note referenced therein ("First Amended DIP Note", the form of which was filed at ECF No. 123), pursuant to which the Debtor was authorized to borrow up to $400,000 ("Initial DIP Borrowing").

B. On July 27, 2026, the Court entered its Order Granting Debtor's Motion for Authority to Increase the Amount of its Post-Petition Financing ("Amended DIP Financing Order"; ECF No. 153), in connection therewith, the Debtor and DIP Lender entered into the Second Amended and Restated Promissory Note referenced therein ("Second Amended DIP Note", the form of which filed on

July 27, 2026 as one of the Additional Exhibits to the Supplement[1](ECF No. 152), ),[1] pursuant to which the Debtor was authorized to borrow an additional $250,000 ("First Amended DIP Borrowing").

C. The Debtor has an immediate and critical need to obtain additional debtor-in-possession financing in the amount of $135,000, to continue to provide interest-only payments to County National Bank ("CNB"), Washtenaw County and/or the City of Ann Arbor, The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees, in order to permit the Debtor to comply with the provisions of Section 362(d)(3) of the Bankruptcy Code.

D. The form of the Debtor's Third Amended and Restated DIPPromissory Note ("Third Amended DIP Note") was filed on ________September 14, 2026, as Exhibit DC to the Second DIP Increase MotionSupplement (ECF No.______ ___), and it reflects an increase in the First Amended DIP Borrowing from $650,000 to $785,000.

E. The Debtor is unable to obtain financing on more favorable terms from sources other than the DIP Lender under the Third Amended DIP Note and is unable to obtain adequate unsecured credit allowable under section

[1] Any capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Second DIP Increase Motion.

[1] Any capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

503(b)(1) of the Bankruptcy Code as an administrative expense.

F. The Debtor is unable to obtain secured credit without the Debtor granting to the DIP Lender a superpriority claim and the DIP Liens (as defined herein) under the terms and conditions set forth in this Order and in the Third Amended DIP Note.

G. The terms of the Third Amended DIP Note are objectively fair and reasonable, and the obligations set forth therein constitute reasonably equivalent value and fair consideration.

H. The Third Amended DIP Note represents a reasonable loan arrangement between the Debtor and the DIP Lender.

I. Absent granting the relief set forth in this Order, the Debtor's estate will be immediately and irreparably harmed. Delivery of the Third Amended DIP Note in accordance with this Order is in the best interests of the Debtor's estate.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Second DIP Increase Motion is granted in accordance with the terms of this Order.

2. The Debtor is authorized to increase the First Amended DIP Borrowing from $650,000 to $785,000 pursuant to the terms of the Third Amended DIP Note, which borrowing shall be used only for payment of interest

payments to CNB, Washtenaw County and/or City of Ann Arbor Real Estate Taxes, Higley and payment of U.S. Trustee fees as set forth in the Second Amended Budget attached as Exhibit B to the ~~Second DIP Increase~~ Motion ("Second Amended Budget").

3. The Debtor is authorized to execute and deliver the Third Amended DIP Note.

4. Upon the Debtor's execution and delivery of the Third Amended DIP Note, the Third Amended DIP Note and the obligations set forth therein shall constitute valid, binding and unavoidable obligations of the Debtor, enforceable against the Debtor in accordance with the terms thereof and of this Order.

5. Pursuant to section 364(c)(1) of the Bankruptcy Code, except as set forth in paragraph 17 below, and only to the extent of the amount that the Debtor borrows under the Third Amended DIP Note pursuant to this Order, the DIP Lender shall have an allowed claim against the Debtor with priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code.

6. As security for the amount that the Debtor borrows under the Third Amended DIP Note pursuant to this Order, effective and perfected upon entry of this Order (and without the necessity of filing a financing statement or recording any document), except as set forth in paragraph 17 below: (i) pursuant to section 364(c)(2)

of the Bankruptcy Code, the DIP Lender is granted a lien on all property of the Debtor's estate that is not otherwise subject to a lien, and (ii) pursuant to section 364(c)(3) of the Bankruptcy Code, the DIP Lender is granted a junior lien on all property of the Debtor's estate that is subject to a lien.

7. In all instances, the liens granted to the DIP Lender pursuant to this Order are subject to existing mortgage liens in favor of County National Bank, Prentice Partners of Ann Arbor, LLC, and Brownstone Realty Advisors, LLC, and construction liens (unless duplicative or subsequently disallowed, in whole or in part, by this Court or another court of competent jurisdiction) in favor of Synecdoche Design Studio LLC, Higley, Building Decommission Services, LLC (d/b/a BDS Environmental), Industrial Fence & Landscaping, ~~and~~ Blue Star, Inc., SmithGroup, Inc. and Permitted Third Party Liens[2] (all liens and security interests granted to the DIP Lender pursuant to this Order and the ~~Second~~Third Amended DIP Note are collectively, the "DIP Liens").

8. All such security interests provided in this Order shall be created and perfected automatically pursuant to this Order. Notwithstanding the foregoing, the DIP Lender shall not have any lien or security interest in any property of the

[2] "Permitted Third Party Liens" shall mean any liens that are senior by operation of law (including liens securing the payment of real property taxes and any such liens that are perfected subsequent to the Petition Date as permitted by Bankruptcy Code Section 546(b)).

Debtor as to which the granting of a lien or security interest in such assets would be prohibited by contract, covenant, or applicable law.

9. A certified copy of this Order may, in the discretion of the DIP Lender, be filed with or recorded in filing or recording offices, and all filing offices are hereby authorized to accept such certified copy of this Order for filing and recording. For the avoidance of doubt, the automatic stay of section 362(a) of the Bankruptcy Code shall be modified to the extent necessary to permit the DIP Lender to take all actions, as applicable, referenced in this paragraph.

10. In the event of any of the following, the DIP Lender may request the Court's determination that such occurrence is an "Event of Default" and seek appropriate remedies for same: (i) an order converting or dismissing this Bankruptcy Case; (ii) an order appointing a chapter 11 trustee in this Bankruptcy Case, without the consent of the DIP Lender; or (iii) an order appointing an examiner with enlarged powers in this Bankruptcy Case.

11. Pursuant to section 364(e) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed or modified on appeal then, absent a stay pending appeal, such reversal or modification shall not affect (i) the validity of any of the Debtor's obligations to the DIP Lender incurred prior to the pendency of the appeal or (ii) the validity or enforceability of any lien or priority authorized or created by this Order with respect thereto.

12. The additional amounts to be loaned by the DIP Lender shall only be used in accordance with the terms of Third Amended DIP Note, the Second Amended Budget, and this Order.

13. All obligations under the Third Amended DIP Note shall be immediately due and payable upon (i) an Event of Default, or (ii) as set forth in the Third Amended DIP Note.

14. All rights of the DIP Lender under this Order are subject to the DIP Lender's contractual obligations to CNB, including, without limitation, the DIP Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023.

15. This Court shall retain jurisdiction to enforce this Order according to its terms. In the event of any inconsistency between the provisions of this Order, the ~~Second DIP Increase~~ Motion, the Supplement, the First Amended DIP Note, the Second Amended DIP Note, the Third Amended DIP Note, the Final DIP Financing Order (ECF No. 125), and/or the Amended DIP Financing Order (ECF No. 153), the provisions of this Order shall govern.

16. This Order shall be immediately effective and enforceable upon its entry.

17. Notwithstanding anything to the contrary in this Order, or in the Third Amended DIP Note, or in any other document or instrument whatsoever, any

security interest or lien granted to the DIP Lender ***excludes*** (i) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code ("Avoidance Claims"), (ii) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("Avoidance Proceeds"), (iii) any intercompany claims (and the proceeds thereof), and (iv) any claims against the estate of Margaret Poscher, Prentice Partners of Ann Arbor, LLC, or any entity or estate in which Heidi Caroline Poscher has a direct or indirect interest (and the proceeds thereof), and no superpriority claim, administrative claim, or other priority claim under this Order shall be payable from or have recourse to any of the foregoing.

| **Summary report:**<br>**Litera Compare for Word 11.8.0.56 Document comparison done on 9/14/2026 10:49:53 AM** | |
|---|---|
| **Style name:** TaftStandard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://taftlaw.cloudimanage.com/ACTIVE/303406404/1 | |
| **Modified DMS:** iw://taftlaw.cloudimanage.com/ACTIVE/303406404/3 | |
| **Changes:** | |
| Add | 23 |
| Delete | 24 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 49 |

# EXHIBIT B

**(Redline Comparison of the Proposed Second Amended DIP Financing Order against the First Amended DIP Financing Order [ECF No. 153])**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

South Town by 4M LLC,

Debtor.
_______________________________/

Case No. 26-40805-lsg
Chapter 11
Hon. Lisa S. Gretchko

**ORDER GRANTING DEBTOR'S SECOND MOTION FOR AUTHORITY TO INCREASE THE AMOUNT OF ITS POST-PETITION FINANCING**

This matter came before the Court upon the Debtor's Second Motion for Entry of an Order Authorizing the Debtor to Increase the Amount of Its Post-Petition Financing ("Motion"; ECF No. ~~132~~192) and the Debtor's Ex Parte Motion to Expedite Hearing on the Motion ("Expediting Motion"; ECF No. ~~134~~198). On ~~July 9~~September 11, 2026, the Court entered an order ("Order for Expedited Hearing"; ECF No. ~~137~~200) granting the Expediting Motion and scheduling an expedited hearing on the Motion for ~~July 17, 2026. On July 14, 2026, the Court entered a stipulated order (ECF No. 142) rescheduling the expedited hearing on the Motion for July 24, 2026. The orders scheduling the expedited hearing on the Motion~~September 18, 2026. The Order for Expedited Hearing provided that any objection to the Motion ~~could be raised at the hearing. Required parties were served~~

with the Motion and with notice of the expedited hearing thereon.must be filed by 1:00 p.m. on September 17, 2026.

On July 14, 2026, a stipulation ("Stipulation"; ECF No. 140) among the Debtor, County National Bank, Heidi Caroline Poscher, the Washtenaw County Circuit Court

26-40805-lsg Doc 153 Filed 07/27/26 Entered 07/27/26 13:13:58 Page 1 of 8

Receiver of Prentice Partners of Ann Arbor, LLC, and the U.S. Trustee was filed, consenting to the terms of this Order.

On July 22September 14, 2026, the Debtor filed a supplement to the Motion ("Supplement"; ECF No. 150). On July 27, 2026, the Debtor filed additional exhibits to the Supplement ("Additional Exhibits to the Supplement"; ECF No. 152).____).

On July 24September 18, 2026, the Court held the expedited hearing on the Motion ("Hearing"). No objection to the Motion was filed or raised at the Hearing. The Court has reviewed the Motion, the Supplement, the Additional Exhibits to the Supplement, the Stipulation and other pertinent filings in this matter, has considered the statements made at the Hearing, and is advised in the premises.

THE COURT HEREBY FINDS that:

A. On May 22, 2026, the Court entered its Final Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim ("Final DIP Financing Order"; ECF No. 125), and in connection therewith, the Debtor and Heidi Caroline Poscher ("DIP Lender") entered into the Amended and Restated Promissory Note referenced therein ("First Amended DIP Note", the form of which was filed at ECF No. 123), pursuant to which the Debtor was authorized to borrow up to $400,000 ("Initial DIP Borrowing").

B. On July 27, 2026, the Court entered its Order Granting Debtor's Motion for Authority to Increase the Amount of its Post-Petition Financing ("Amended DIP

Financing Order"; ECF No. 153), in connection therewith, the Debtor and DIP Lender entered into the Second Amended and Restated Promissory Note referenced therein ("Second Amended DIP Note"),[1] pursuant to which the Debtor was authorized to borrow an additional $250,000 ("First Amended DIP Borrowing").

BC. The Debtor has an immediate and critical need to obtain additional debtor-in-possession financing in the amount of $250,000135,000, to continue to provide

26-40805-lsg Doc 153 Filed 07/27/26 Entered 07/27/26 13:13:58 Page 2 of 8

[1] Any capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

interest-only payments to County National Bank ("CNB"), Washtenaw County and/or the City of Ann Arbor, The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees, in order to permit the Debtor to comply with the provisions of Section 362(d)(3) of the Bankruptcy Code.

~~C~~D. The form of the Debtor's ~~Second~~Third Amended and Restated ~~DIP~~Promissory Note ("~~Second~~Third Amended DIP Note") was filed on ~~July 27~~September 14, 2026, as ~~one of the Additional Exhibits~~Exhibit C to the Supplement (ECF No. ~~152~~___), and it reflects an increase in the ~~Initial~~First Amended DIP Borrowing from $~~400,000~~650,000 to $~~650,000~~785,000.

~~D~~E. The Debtor is unable to obtain financing on more favorable terms from sources other than the DIP Lender under the ~~Second~~Third Amended DIP Note and is unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.

~~E~~F. The Debtor is unable to obtain secured credit without the Debtor granting to the DIP Lender a superpriority claim and the DIP Liens (as defined herein) under the terms and conditions set forth in this Order and in the ~~Second~~Third Amended DIP Note.

~~F~~G. The terms of the ~~Second~~Third Amended DIP Note are objectively fair and reasonable, and the obligations set forth therein constitute reasonably equivalent value and fair consideration.

~~G~~H. The ~~Second~~Third Amended DIP Note represents a reasonable loan arrangement between the Debtor and the DIP Lender.

~~26-40805-lsg Doc 153 Filed 07/27/26 Entered 07/27/26 13:13:58 Page 3 of 8~~

~~H~~I. Absent granting the relief set forth in this Order, the Debtor's estate will be immediately and irreparably harmed. Delivery of the ~~Second~~Third Amended DIP Note in accordance with this Order is in the best interests of the Debtor's estate.~~[1]~~

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion is granted in accordance with the terms of this Order.

2. The Debtor is authorized to increase the ~~Initial~~First Amended DIP Borrowing from $~~400,000~~650,000 to $~~650,000~~785,000 pursuant to the terms of the ~~Second~~Third Amended DIP Note, which borrowing shall be used only for payment of interest payments to CNB, Washtenaw County and/or City of Ann Arbor Real Estate Taxes, Higley and payment of U.S. Trustee fees as set forth in the Second Amended Budget attached as Exhibit B to the Motion ("Second Amended Budget").

3. The Debtor is authorized to execute and deliver the ~~Second~~Third Amended DIP Note.

4. Upon the Debtor's execution and delivery of the ~~Second~~Third Amended DIP Note, the ~~Second~~Third Amended DIP Note and the obligations set forth therein shall constitute valid, binding and unavoidable obligations of the Debtor, enforceable against the Debtor in accordance with the terms thereof and of this Order.

5. Pursuant to section 364(c)(1) of the Bankruptcy Code, except as set forth in paragraph 17 below, and only to the extent of the amount that the Debtor borrows

~~[1] Capitalized terms used but not defined in this Order shall have the meaning ascribed to them in the Motion.~~

~~26-40805-lsg Doc 153 Filed 07/27/26 Entered 07/27/26 13:13:58 Page 4 of 8~~

under the ~~Second~~Third Amended DIP Note pursuant to this Order, the DIP Lender shall have an allowed claim against the Debtor with priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code.

6. As security for the amount that the Debtor borrows under the ~~Second~~Third Amended DIP Note pursuant to this Order, effective and perfected upon entry of this Order (and without the necessity of filing a financing statement or recording any document), except as set forth in paragraph 17 below: (i) pursuant to section 364(c)(2) of the Bankruptcy Code, the DIP Lender is granted a lien on all property of the Debtor's estate that is not otherwise subject to a lien, and (ii) pursuant to section 364(c)(3) of the Bankruptcy Code, the DIP Lender is granted a junior lien on all property of the Debtor's estate that is subject to a lien.

7. In all instances, the liens granted to the DIP Lender pursuant to this Order are subject to existing mortgage liens in favor of County National Bank, Prentice Partners of Ann Arbor, LLC, and Brownstone Realty Advisors, LLC, and construction liens (unless duplicative or subsequently disallowed, in whole or in part, by this Court or another court of competent jurisdiction) in favor of Synecdoche Design Studio LLC, Higley, Building Decommission Services, LLC (d/b/a BDS Environmental), Industrial Fence

& Landscaping, Blue Star, Inc., ~~and~~ SmithGroup, Inc. and Permitted Third

Party

Liens[2]

~~26-40805-lsg Doc 153 Filed 07/27/26 Entered 07/27/26 13:13:58 Page 5 of 8~~

[2] "Permitted Third Party Liens" shall mean any liens that are senior by operation of law (including liens securing the payment of real property taxes and any such liens that are perfected subsequent to the Petition Date as permitted by Bankruptcy Code Section 546(b)).

Liens[2] (all liens and security interests granted to the DIP Lender pursuant to this Order and the SecondThird Amended DIP Note are collectively, the "DIP Liens").

8. All such security interests provided in this Order shall be created and perfected automatically pursuant to this Order. Notwithstanding the foregoing, the DIP Lender shall not have any lien or security interest in any property of the Debtor as to which the granting of a lien or security interest in such assets would be prohibited by contract, covenant, or applicable law.

9. A certified copy of this Order may, in the discretion of the DIP Lender, be filed with or recorded in filing or recording offices, and all filing offices are hereby authorized to accept such certified copy of this Order for filing and recording. For the avoidance of doubt, the automatic stay of section 362(a) of the Bankruptcy Code shall be modified to the extent necessary to permit the DIP Lender to take all actions, as applicable, referenced in this paragraph.

10. In the event of any of the following, the DIP Lender may request the Court's determination that such occurrence is an "Event of Default" and seek appropriate remedies for same: (i) an order converting or dismissing this Bankruptcy Case; (ii) an order appointing a chapter 11 trustee in this Bankruptcy Case, without the

[2] "Permitted Third Party Liens" shall mean any liens that are senior by operation of law (including liens securing the payment of real property taxes and any such liens that are perfected subsequent to the Petition Date as permitted by Bankruptcy Code Section 546(b)).

26-40805-lsg Doc 153 Filed 07/27/26 Entered 07/27/26 13:13:58 Page 6 of 8

consent of the DIP Lender; or (iii) an order appointing an examiner with enlarged powers in this Bankruptcy Case.

11. Pursuant to section 364(e) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed or modified on appeal then, absent a stay pending appeal, such reversal or modification shall not affect (i) the validity of any of the Debtor's obligations to the DIP Lender incurred prior to the pendency of the appeal or (ii) the validity or enforceability of any lien or priority authorized or created by this Order with respect thereto.

12. The additional amounts to be loaned by the DIP Lender shall only be used in accordance with the terms of ~~Second~~Third Amended DIP Note, the Second Amended Budget, and this Order.

13. All obligations under the ~~Second~~Third Amended DIP Note shall be immediately due and payable upon (i) an Event of Default, or (ii) as set forth in the ~~Second~~Third Amended DIP Note.

14. All rights of the DIP Lender under this Order are subject to the DIP Lender's contractual obligations to CNB, including, without limitation, the DIP Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023.

15. This Court shall retain jurisdiction to enforce this Order according to its terms. In the event of any inconsistency between the

provisions of this Order ~~and~~, the Motion, the Supplement, the ~~Additional~~

~~Exhibits to the Supplement, the Stipulation, the~~

~~26-40805-lsg Doc 153 Filed 07/27/26 Entered 07/27/26 13:13:58 Page 7 of 8~~

First Amended DIP Note, the Second Amended DIP Note, ~~and/or~~the Third Amended DIP Note, the Final DIP Financing Order (ECF No. 125), and/or the Amended DIP Financing Order (ECF No. 153), the provisions of this Order shall govern.

16. This Order shall be immediately effective and enforceable upon its entry.

17. Notwithstanding anything to the contrary in this Order, or in the ~~Second~~Third Amended DIP Note, or in any other document or instrument whatsoever, any security interest or lien granted to the DIP Lender ***excludes*** (i) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code ("Avoidance Claims"), (ii) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("Avoidance Proceeds"), (iii) any intercompany claims (and the proceeds thereof), and (iv) any claims against the estate of Margaret Poscher, Prentice Partners of Ann Arbor, LLC, or any entity or estate in which Heidi Caroline Poscher has a direct or indirect interest (and the proceeds thereof), and no superpriority claim, administrative claim, or other priority claim under this Order shall be payable from or have recourse to any of the foregoing.

~~**Signed on July 27, 2026**~~

~~26-40805-lsg Doc 153 Filed 07/27/26 Entered 07/27/26 13:13:58 Page 8 of 8~~

/s/ Lisa S. Gretchko

**Lisa S. Gretchko**
**United States Bankruptcy Judge**

| **Summary report:**<br>**Litera Compare for Word 11.8.0.56 Document comparison done on 9/13/2026 9:45:18 AM** | |
|---|---|
| **Style name:** TaftStandard | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** C:\Users\acimini\Documents\153.docx | |
| **Modified DMS:** iw://taftlaw.cloudimanage.com/ACTIVE/303406404/3 | |
| **Changes:** | |
| Add | 69 |
| ~~Delete~~ | 86 |
| ~~Move From~~ | 3 |
| Move To | 3 |
| Table Insert | 0 |
| ~~Table Delete~~ | 0 |
| Table moves to | 0 |
| ~~Table moves from~~ | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 161 |

## EXHIBIT C

**Redline Comparison Proposed Third Amended DIP Note attached hereto as Exhibit F against Exhibit D to ECF No. 192**

**THIRD AMENDED AND RESTATED**
**PROMISSORY NOTE**[1]

Dated: ~~August~~September ______, 2026

**FOR VALUE RECEIVED, South Town by 4M LLC** ("Borrower"), Debtor in Chapter 11 Case No. 26-40805-lsg in the U.S. Bankruptcy Court for the Eastern District of Michigan (the "Chapter 11 Case") promises to pay to the order of **Heidi Caroline Poscher** ("Lender") on the Maturity Date (as defined below) at 1919 S. Industrial Hwy, Ann Arbor, MI 48104 or at such other place as Lender may designate in writing, the principal sum equal to Seven Hundred Eighty-Five Thousand Dollars ($785,000.00) (the "Debt") or so much as has been advanced by Lender and not repaid pursuant to this Promissory Note (the "Note"), plus interest as hereinafter provided, in lawful money of the United States. This Note amends, restates, and includes all sums authorized and subject to (i) the Promissory Note (ECF No. 103 in the Chapter 11 Case) entered into by and between Borrower and Lender pursuant to the *Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* (ECF No. 105 in the Chapter 11 Case), (ii) the Amended and Restated Promissory Note (ECF No. 123 in the Chapter 11 Case) entered into by and between Borrower and Lender Pursuant to the *Final Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* (ECF No. 125 in the Chapter 11 Case), and (iii) the Second Amended and Restated Promissory Note (Exhibit C to the Supplement at ECF No. 152 in the Chapter 11 Case) entered into by and between Borrower and Lender Pursuant to the *Order Granting Debtor's Motion for Authority to Increase the Amount of Its Post-Petition Financing* (ECF No. 153 in the Chapter 11 Case).

Subject to the terms of the Second Amended DIP Financing Order, this Note shall be accorded super-priority administrative expense status in the Chapter 11 Case, pursuant to Bankruptcy Code Section 364(c)(1), and shall be secured by a lien on Borrower's property that is not otherwise subject to a lien, pursuant to Bankruptcy Code Section 364(c)(2), and by a junior lien on Borrower's property that is subject to a lien, in accordance with Bankruptcy Code Section 364(c)(3).

All funds advanced must be used in accordance with the Second Amended DIP Financing Order approving this Note and the increase in debtor-in-possession financing from Lender to Borrower only for payment of interest payments to County National Bank, the City of Ann Arbor and/or Washtenaw County Treasurer (for real estate taxes), The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees as set forth in the Second Amended Budget (as defined in the Second Amended DIP Financing Order).

The unpaid principal balance outstanding from time to time under this Note shall bear

[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the *Order Granting Debtor's Second Motion for Authority to Increase the Amount of Its Post-Petition Financing* (ECF No. ____ in the Chapter 11 Case )(the "Second Amended DIP Financing Order").

interest at seven percent (7%) per annum. Interest shall be calculated on the basis of a 360 day year for the actual number of days elapsed. In the event of default, the "Default Rate" shall be nine percent (9%) per annum.

The unpaid principal balance and all accrued interest thereon shall be due and payable in full upon the earlier of (i) the effective date of Debtor's confirmed Chapter 11 Plan in the Bankruptcy Case, or (ii) the later of (a) 30 days after the expiration of Debtor's exclusivity and solicitation periods and (b) the date that is one hundred twenty (120) days after the entry of the Second Amended DIP Financing Order (collectively, the "Maturity Date"). All rights of Lender under this Note are subject to Lender's contractual obligations to County National Bank, including without limitations, Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023. All payments to Lender under this Note will be held in trust for, and paid to, County National Bank unless County National Bank has been fully paid.

Borrower may prepay all or any portion of the indebtedness outstanding hereunder at any time, without premium or penalty.

Nothing herein contained, nor any transaction relating thereto, or hereto, shall be construed or operate to require Borrower to pay, or be charged, interest at a greater rate than the maximum allowed by the applicable law relating to this Note. Should any interest or other charges, charged, paid or payable by Borrower in connection with this Note, or any other document delivered in connection herewith, result in the charging, compensation, payment or earning of interest in excess of the maximum allowed by the applicable law as aforesaid, then any and all such excess shall be and the same is hereby waived by the holder, and any and all such excess paid shall be automatically credited against and in reduction of the principal due under this Note.

If any Event of Default (as defined in the Second Amended DIP Financing Order) occurs under the Second Amended DIP Financing Order, it shall also constitute an "Event of Default" under this Note.

Borrower hereby waives presentment for payment, demand, notice of non-payment, notice of protest and protest of this Note, diligence in collection or bringing suit.

Neither Borrower nor Lender shall assign their respective rights or obligations under this Note (except the assignment of Lender's rights to County National Bank as stated above).

This Note is to be construed in accordance with the internal laws (but not the law of conflicts) of the State of Michigan.

**IN RECOGNITION OF THE HIGHER COSTS AND DELAY WHICH MAY RESULT FROM A JURY TRIAL, BORROWER AND LENDER WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING HEREUNDER OR IN CONNECTION WITH THE OBLIGATIONS, OR (B) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND BORROWER**

**FURTHER WAIVES ANY RIGHT TO CONSOLIDATE ANY SUCH ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED; AND BORROWER HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY HERETO MAY FILE AN ORIGINAL COPY OF THIS NOTE WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF BORROWER TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY.**

"**BORROWER"**

**South Town by 4M LLC**

By: ______________________________

Its: ______________________________

Address: __________________________

__________________________________

**ACCEPTED AND AGREED TO:**
**"LENDER"**

__________________________________
Heidi Caroline Poscher

| **Summary report:<br>Litera Compare for Word 11.8.0.56 Document comparison done on 9/14/2026 10:53:32 AM** | |
|---|---|
| **Style name:** TaftStandard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://taftlaw.cloudimanage.com/ACTIVE/303445142/2 | |
| **Modified DMS:** iw://taftlaw.cloudimanage.com/ACTIVE/303445142/4 | |
| **Changes:** | |
| Add | 8 |
| ~~Delete~~ | 4 |
| ~~Move From~~ | 0 |
| Move To | 0 |
| Table Insert | 0 |
| ~~Table Delete~~ | 0 |
| Table moves to | 0 |
| ~~Table moves from~~ | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 12 |

**EXHIBIT D**

**(Redline Comparison of the Proposed Third Amended DIP Note against the Second Amended DIP Note, which was attached as Exhibit C to the Supplement [ECF No. 152] and previously approved by the Court in the Final Amended DIP Financing Order [ECF No. 153])**

**~~SECOND~~THIRD AMENDED AND RESTATED**
**~~PROMISSORY NOTE[1]~~**

**PROMISSORY NOTE[1]**

Dated: ~~July~~___ September , 2026

**FOR VALUE RECEIVED, South Town by 4M LLC** ("Borrower"), Debtor in Chapter 11 Case No. 26-40805-lsg in the U.S. Bankruptcy Court for the Eastern District of Michigan (the "Chapter 11 Case") promises to pay to the order of **Heidi Caroline Poscher** ("Lender") on the Maturity Date (as defined below) at 1919 S. Industrial Hwy, Ann Arbor, MI 48104 or at such other place as Lender may designate in writing, the principal sum equal to ~~Six~~Seven Hundred ~~Fifty~~Eighty-Five Thousand Dollars ($~~650,000.00~~785,000.00) (the "Debt") or so much as has been advanced by Lender and not repaid pursuant to this Promissory Note (the "Note"), plus interest as hereinafter provided, in lawful money of the United States. This Note amends, restates, and includes all sums authorized and subject to (i) the Promissory Note (ECF No. 103 in the Chapter 11 Case) entered into by and between Borrower and Lender pursuant to the *Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* (ECF No. 105 in the Chapter 11 Case), ~~and~~ (ii) the Amended and Restated Promissory Note (ECF No. 123 in the Chapter 11 Case) entered into by and between Borrower and Lender Pursuant to the *Final Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* (ECF No. 125~~).~~ in the Chapter 11 Case), and (iii) the Second Amended and Restated Promissory Note (Exhibit C to the Supplement at ECF No. 152 in the Chapter 11 Case) entered into by and between Borrower and Lender Pursuant to the *Order Granting Debtor's Motion for Authority to Increase the Amount of Its Post-Petition Financing* (ECF No. 153 in the Chapter 11 Case).

Subject to the terms of the Second Amended DIP Financing Order, this Note shall be accorded super-priority administrative expense status in the Chapter 11 Case, pursuant to Bankruptcy Code Section 364(c)(1), and shall be secured by a lien on Borrower's property that is not otherwise subject to a lien, pursuant to Bankruptcy Code Section 364(c)(2), and by a junior lien on Borrower's property that is subject to a lien, in accordance with Bankruptcy Code Section 364(c)(3).

All funds advanced must be used in accordance with the Second Amended DIP Financing Order approving this Note and the increase in debtor-in-possession financing from Lender to Borrower only for payment of interest payments to County National Bank, the City of Ann Arbor and/or Washtenaw County Treasurer (for real estate taxes), The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees as set forth in the Second Amended Budget (as defined in the Second Amended DIP Financing Order).

[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the *Order Granting Debtor's Second Motion for Authority to Increase the Amount of Its Post-Petition Financing* (ECF No. ____ in the Chapter 11 Case )(the "Second Amended DIP Financing Order").

The unpaid principal balance outstanding from time to time under this Note shall bear interest at seven percent (7%) per annum. Interest shall be calculated on the basis of a 360 day year for the actual number of days elapsed. In the event of default, the "Default Rate" shall be nine percent (9%) per annum.

The unpaid principal balance and all accrued interest thereon shall be due and payable in full upon the earlier of (i) the effective date of Debtor's confirmed Chapter 11 Plan in the Bankruptcy

~~[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the *Order Granting Debtor's Motion for Entry of an Order Authorizing the Debtor to Increase the Amount of Its Post-Petition Financing* (ECF No. ___ in the Chapter 11 Case) (the "Amended DIP Order").~~

~~26-40805-lsg Doc 152 Filed 07/27/26 Entered 07/27/26 08:08:45 Page 4 of 12~~

~~300757379v3~~

Case, or (ii) the later of (a) 30 days after the expiration of Debtor's exclusivity and solicitation periods and (b) the date that is one hundred twenty (120) days after the entry of the Second Amended DIP Financing Order (collectively, the "Maturity Date"). All rights of Lender under this Note are subject to Lender's contractual obligations to County National Bank, including without limitations, Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023. All payments to Lender under this Note will be held in trust for, and paid to, County National Bank unless County National Bank has been fully paid.

Borrower may prepay all or any portion of the indebtedness outstanding hereunder at any time, without premium or penalty.

Nothing herein contained, nor any transaction relating thereto, or hereto, shall be construed or operate to require Borrower to pay, or be charged, interest at a greater rate than the maximum allowed by the applicable law relating to this Note. Should any interest or other charges, charged, paid or payable by Borrower in connection with this Note, or any other document delivered in connection herewith, result in the charging, compensation, payment or earning of interest in excess of the maximum allowed by the applicable law as aforesaid, then any and all such excess shall be and the same is hereby waived by the holder, and any and all such excess paid shall be automatically credited against and in reduction of the principal due under this Note.

If any Event of Default (as defined in the Second Amended DIP Financing Order) occurs under the Second Amended DIP Financing Order, it shall also constitute an "Event of Default" under this Note.

Borrower hereby waives presentment for payment, demand, notice of non-payment, notice of protest and protest of this Note, diligence in collection or bringing suit.

Neither Borrower nor Lender shall assign their respective rights or obligations under this Note (except the assignment of Lender's rights to County National Bank as stated above).

This Note is to be construed in accordance with the internal laws (but not the law of conflicts) of the State of Michigan.

**IN RECOGNITION OF THE HIGHER COSTS AND DELAY WHICH MAY RESULT FROM A JURY TRIAL, BORROWER AND LENDER WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING HEREUNDER OR IN CONNECTION WITH THE OBLIGATIONS, OR (B) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND BORROWER FURTHER WAIVES ANY RIGHT TO CONSOLIDATE ANY SUCH ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED; AND BORROWER HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY HERETO MAY FILE AN ORIGINAL COPY OF THIS NOTE WITH ANY**

**COURT AS WRITTEN EVIDENCE OF THE CONSENT OF BORROWER TO THE**

~~4935-6395-4107, v. 1~~

~~26-40805-lsg Doc 152 Filed 07/27/26 Entered 07/27/26 08:08:45 Page 5 of 12~~

~~300757379v3~~

**WAIVER OF ITS RIGHT TO TRIAL BY JURY.**

~~[Signatures on the following page.]~~
~~[Signature Page to Promissory Note]~~

**"BORROWER"**

**South Town by 4M LLC**

By: ______________________________

Its: ______________________________

Address: ______________________________

______________________________

**ACCEPTED AND AGREED TO:**

**"LENDER"**

______________________________

Heidi Caroline Poscher

~~4935-6395-4107, v. 1~~

~~26-40805-lsg Doc 152 Filed 07/27/26 Entered 07/27/26 08:08:45 Page 6 of 12~~

~~300757379v3~~

| **Summary report:**<br>**Litera Compare for Word 11.8.0.56 Document comparison done on 9/13/2026 8:30:52 AM** | |
|---|---|
| **Style name:** TaftStandard | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** C:\Users\acimini\Documents\Second Amended DIP Note (EX C to Additional Exhibits to Supplement ) [ECF No. 152].docx | |
| **Modified DMS:** iw://taftlaw.cloudimanage.com/ACTIVE/303445142/4 | |
| **Changes:** | |
| Add | 33 |
| ~~Delete~~ | 28 |
| ~~Move From~~ | 3 |
| Move To | 3 |
| Table Insert | 0 |
| ~~Table Delete~~ | 0 |
| Table moves to | 0 |
| ~~Table moves from~~ | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 67 |

# EXHIBIT E

## Proposed Second Amended DIP Financing Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

South Town by 4M LLC,

Debtor.
______________________________/

Case No. 26-40805-lsg
Chapter 11
Hon. Lisa S. Gretchko

**ORDER GRANTING DEBTOR'S
SECOND MOTION FOR AUTHORITY TO
INCREASE THE AMOUNT OF ITS POST-PETITION FINANCING**

This matter came before the Court upon the Debtor's Second Motion for Entry of an Order Authorizing the Debtor to Increase the Amount of Its Post-Petition Financing ("Motion"; ECF No. 192) and the Debtor's Ex Parte Motion to Expedite Hearing on the Motion ("Expediting Motion"; ECF No. 198). On September 11, 2026, the Court entered an order ("Order for Expedited Hearing"; ECF No. 200) granting the Expediting Motion and scheduling an expedited hearing on the Motion for September 18, 2026. The Order for Expedited Hearing provided that any objection to the Motion must be filed by 1:00 p.m. on September 17, 2026.

On September 14, 2026, the Debtor filed a supplement to the Motion ("Supplement"; ECF No. ____).

On September 18, 2026, the Court held the expedited hearing on the Motion ("Hearing"). No objection to the Motion was filed or raised at the Hearing. The

Court has reviewed the Motion, the Supplement, and other pertinent filings in this matter and is advised in the premises.

THE COURT HEREBY FINDS that:

A. On May 22, 2026, the Court entered its Final Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim ("Final DIP Financing Order"; ECF No. 125), and in connection therewith, the Debtor and Heidi Caroline Poscher ("DIP Lender") entered into the Amended and Restated Promissory Note referenced therein ("First Amended DIP Note", the form of which was filed at ECF No. 123), pursuant to which the Debtor was authorized to borrow up to $400,000 ("Initial DIP Borrowing").

B. On July 27, 2026, the Court entered its Order Granting Debtor's Motion for Authority to Increase the Amount of its Post-Petition Financing ("Amended DIP Financing Order"; ECF No. 153), in connection therewith, the Debtor and DIP Lender entered into the Second Amended and Restated Promissory Note referenced therein ("Second Amended DIP Note"),[1] pursuant to which the Debtor was authorized to borrow an additional $250,000 ("First Amended DIP Borrowing").

C. The Debtor has an immediate and critical need to obtain additional debtor-in-possession financing in the amount of $135,000, to continue to provide

---

[1] Any capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

interest-only payments to County National Bank ("CNB"), Washtenaw County and/or the City of Ann Arbor, The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees, in order to permit the Debtor to comply with the provisions of Section 362(d)(3) of the Bankruptcy Code.

D. The form of the Debtor's Third Amended and Restated Promissory Note ("Third Amended DIP Note") was filed on September 14, 2026, as Exhibit C to the Supplement (ECF No.___), and it reflects an increase in the First Amended DIP Borrowing from $650,000 to $785,000.

E. The Debtor is unable to obtain financing on more favorable terms from sources other than the DIP Lender under the Third Amended DIP Note and is unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.

F. The Debtor is unable to obtain secured credit without the Debtor granting to the DIP Lender a superpriority claim and the DIP Liens (as defined herein) under the terms and conditions set forth in this Order and in the Third Amended DIP Note.

G. The terms of the Third Amended DIP Note are objectively fair and reasonable, and the obligations set forth therein constitute reasonably equivalent value and fair consideration.

H. The Third Amended DIP Note represents a reasonable loan

arrangement between the Debtor and the DIP Lender.

I. Absent granting the relief set forth in this Order, the Debtor's estate will be immediately and irreparably harmed. Delivery of the Third Amended DIP Note in accordance with this Order is in the best interests of the Debtor's estate.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion is granted in accordance with the terms of this Order.

2. The Debtor is authorized to increase the First Amended DIP Borrowing from $650,000 to $785,000 pursuant to the terms of the Third Amended DIP Note, which borrowing shall be used only for payment of interest payments to CNB, Washtenaw County and/or City of Ann Arbor Real Estate Taxes, Higley and payment of U.S. Trustee fees as set forth in the Second Amended Budget attached as Exhibit B to the Motion ("Second Amended Budget").

3. The Debtor is authorized to execute and deliver the Third Amended DIP Note.

4. Upon the Debtor's execution and delivery of the Third Amended DIP Note, the Third Amended DIP Note and the obligations set forth therein shall constitute valid, binding and unavoidable obligations of the Debtor, enforceable against the Debtor in accordance with the terms thereof and of this Order.

5. Pursuant to section 364(c)(1) of the Bankruptcy Code, except as set forth in paragraph 17 below, and only to the extent of the amount that the Debtor

borrows under the Third Amended DIP Note pursuant to this Order, the DIP Lender shall have an allowed claim against the Debtor with priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code.

6. As security for the amount that the Debtor borrows under the Third Amended DIP Note pursuant to this Order, effective and perfected upon entry of this Order (and without the necessity of filing a financing statement or recording any document), except as set forth in paragraph 17 below: (i) pursuant to section 364(c)(2) of the Bankruptcy Code, the DIP Lender is granted a lien on all property of the Debtor's estate that is not otherwise subject to a lien, and (ii) pursuant to section 364(c)(3) of the Bankruptcy Code, the DIP Lender is granted a junior lien on all property of the Debtor's estate that is subject to a lien.

7. In all instances, the liens granted to the DIP Lender pursuant to this Order are subject to existing mortgage liens in favor of County National Bank, Prentice Partners of Ann Arbor, LLC, and Brownstone Realty Advisors, LLC, and construction liens (unless duplicative or subsequently disallowed, in whole or in part, by this Court or another court of competent jurisdiction) in favor of Synecdoche Design Studio LLC, Higley, Building Decommission Services, LLC (d/b/a BDS Environmental), Industrial Fence & Landscaping, Blue Star, Inc., SmithGroup, Inc.

and Permitted Third Party Liens[2] (all liens and security interests granted to the DIP Lender pursuant to this Order and the Third Amended DIP Note are collectively, the "DIP Liens").

8. All such security interests provided in this Order shall be created and perfected automatically pursuant to this Order. Notwithstanding the foregoing, the DIP Lender shall not have any lien or security interest in any property of the Debtor as to which the granting of a lien or security interest in such assets would be prohibited by contract, covenant, or applicable law.

9. A certified copy of this Order may, in the discretion of the DIP Lender, be filed with or recorded in filing or recording offices, and all filing offices are hereby authorized to accept such certified copy of this Order for filing and recording. For the avoidance of doubt, the automatic stay of section 362(a) of the Bankruptcy Code shall be modified to the extent necessary to permit the DIP Lender to take all actions, as applicable, referenced in this paragraph.

10. In the event of any of the following, the DIP Lender may request the Court's determination that such occurrence is an "Event of Default" and seek appropriate remedies for same: (i) an order converting or dismissing this Bankruptcy

[2] "Permitted Third Party Liens" shall mean any liens that are senior by operation of law (including liens securing the payment of real property taxes and any such liens that are perfected subsequent to the Petition Date as permitted by Bankruptcy Code Section 546(b)).

Case; (ii) an order appointing a chapter 11 trustee in this Bankruptcy Case, without the consent of the DIP Lender; or (iii) an order appointing an examiner with enlarged powers in this Bankruptcy Case.

11. Pursuant to section 364(e) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed or modified on appeal then, absent a stay pending appeal, such reversal or modification shall not affect (i) the validity of any of the Debtor's obligations to the DIP Lender incurred prior to the pendency of the appeal or (ii) the validity or enforceability of any lien or priority authorized or created by this Order with respect thereto.

12. The additional amounts to be loaned by the DIP Lender shall only be used in accordance with the terms of Third Amended DIP Note, the Second Amended Budget, and this Order.

13. All obligations under the Third Amended DIP Note shall be immediately due and payable upon (i) an Event of Default, or (ii) as set forth in the Third Amended DIP Note.

14. All rights of the DIP Lender under this Order are subject to the DIP Lender's contractual obligations to CNB, including, without limitation, the DIP Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023.

15. This Court shall retain jurisdiction to enforce this Order according to its terms. In the event of any inconsistency between the provisions of this Order, the Motion, the Supplement, the First Amended DIP Note, the Second Amended DIP Note, the Third Amended DIP Note, the Final DIP Financing Order (ECF No. 125), and/or the Amended DIP Financing Order (ECF No. 153), the provisions of this Order shall govern.

16. This Order shall be immediately effective and enforceable upon its entry.

17. Notwithstanding anything to the contrary in this Order, or in the Third Amended DIP Note, or in any other document or instrument whatsoever, any security interest or lien granted to the DIP Lender ***excludes*** (i) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code ("Avoidance Claims"), (ii) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("Avoidance Proceeds"), (iii) any intercompany claims (and the proceeds thereof), and (iv) any claims against the estate of Margaret Poscher, Prentice Partners of Ann Arbor, LLC, or any entity or estate in which Heidi Caroline Poscher has a direct or indirect interest (and the proceeds thereof), and no superpriority claim, administrative claim, or other priority claim under this Order shall be payable from or have recourse to any of the foregoing.

# EXHIBIT F

# Proposed Third Amended DIP Note

**THIRD AMENDED AND RESTATED**
**PROMISSORY NOTE**[1]

Dated: September __, 2026

**FOR VALUE RECEIVED, South Town by 4M LLC** ("Borrower"), Debtor in Chapter 11 Case No. 26-40805-lsg in the U.S. Bankruptcy Court for the Eastern District of Michigan (the "Chapter 11 Case") promises to pay to the order of **Heidi Caroline Poscher** ("Lender") on the Maturity Date (as defined below) at 1919 S. Industrial Hwy, Ann Arbor, MI 48104 or at such other place as Lender may designate in writing, the principal sum equal to Seven Hundred Eighty-Five Thousand Dollars ($785,000.00) (the "Debt") or so much as has been advanced by Lender and not repaid pursuant to this Promissory Note (the "Note"), plus interest as hereinafter provided, in lawful money of the United States. This Note amends, restates, and includes all sums authorized and subject to (i) the Promissory Note (ECF No. 103 in the Chapter 11 Case) entered into by and between Borrower and Lender pursuant to the *Interim Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* (ECF No. 105 in the Chapter 11 Case), (ii) the Amended and Restated Promissory Note (ECF No. 123 in the Chapter 11 Case) entered into by and between Borrower and Lender Pursuant to the *Final Order (A) Authorizing the Debtor to Obtain Post-Petition Secured Financing; and (B) Granting Liens, Security Interests, and Superpriority Claim* (ECF No. 125 in the Chapter 11 Case), and (iii) the Second Amended and Restated Promissory Note (Exhibit C to the Supplement at ECF No. 152 in the Chapter 11 Case) entered into by and between Borrower and Lender Pursuant to the *Order Granting Debtor's Motion for Authority to Increase the Amount of Its Post-Petition Financing* (ECF No. 153 in the Chapter 11 Case).

Subject to the terms of the Second Amended DIP Financing Order, this Note shall be accorded super-priority administrative expense status in the Chapter 11 Case, pursuant to Bankruptcy Code Section 364(c)(1), and shall be secured by a lien on Borrower's property that is not otherwise subject to a lien, pursuant to Bankruptcy Code Section 364(c)(2), and by a junior lien on Borrower's property that is subject to a lien, in accordance with Bankruptcy Code Section 364(c)(3).

All funds advanced must be used in accordance with the Second Amended DIP Financing Order approving this Note and the increase in debtor-in-possession financing from Lender to Borrower only for payment of interest payments to County National Bank, the City of Ann Arbor and/or Washtenaw County Treasurer (for real estate taxes), The Albert M. Higley Co., LLC ("Higley") and payment of U.S. Trustee fees as set forth in the Second Amended Budget (as defined in the Second Amended DIP Financing Order).

The unpaid principal balance outstanding from time to time under this Note shall bear

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the *Order Granting Debtor's Second Motion for Authority to Increase the Amount of Its Post-Petition Financing* (ECF No. ____ in the Chapter 11 Case )(the "Second Amended DIP Financing Order").

interest at seven percent (7%) per annum. Interest shall be calculated on the basis of a 360 day year for the actual number of days elapsed. In the event of default, the "Default Rate" shall be nine percent (9%) per annum.

The unpaid principal balance and all accrued interest thereon shall be due and payable in full upon the earlier of (i) the effective date of Debtor's confirmed Chapter 11 Plan in the Bankruptcy Case, or (ii) the later of (a) 30 days after the expiration of Debtor's exclusivity and solicitation periods and (b) the date that is one hundred twenty (120) days after the entry of the Second Amended DIP Financing Order (collectively, the "Maturity Date"). All rights of Lender under this Note are subject to Lender's contractual obligations to County National Bank, including without limitations, Lender's obligations under Section 11 of that certain Commercial Guaranty dated September 7, 2023. All payments to Lender under this Note will be held in trust for, and paid to, County National Bank unless County National Bank has been fully paid.

Borrower may prepay all or any portion of the indebtedness outstanding hereunder at any time, without premium or penalty.

Nothing herein contained, nor any transaction relating thereto, or hereto, shall be construed or operate to require Borrower to pay, or be charged, interest at a greater rate than the maximum allowed by the applicable law relating to this Note. Should any interest or other charges, charged, paid or payable by Borrower in connection with this Note, or any other document delivered in connection herewith, result in the charging, compensation, payment or earning of interest in excess of the maximum allowed by the applicable law as aforesaid, then any and all such excess shall be and the same is hereby waived by the holder, and any and all such excess paid shall be automatically credited against and in reduction of the principal due under this Note.

If any Event of Default (as defined in the Second Amended DIP Financing Order) occurs under the Second Amended DIP Financing Order, it shall also constitute an "Event of Default" under this Note.

Borrower hereby waives presentment for payment, demand, notice of non-payment, notice of protest and protest of this Note, diligence in collection or bringing suit.

Neither Borrower nor Lender shall assign their respective rights or obligations under this Note (except the assignment of Lender's rights to County National Bank as stated above).

This Note is to be construed in accordance with the internal laws (but not the law of conflicts) of the State of Michigan.

**IN RECOGNITION OF THE HIGHER COSTS AND DELAY WHICH MAY RESULT FROM A JURY TRIAL, BORROWER AND LENDER WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING HEREUNDER OR IN CONNECTION WITH THE OBLIGATIONS, OR (B) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND BORROWER**

**FURTHER WAIVES ANY RIGHT TO CONSOLIDATE ANY SUCH ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED; AND BORROWER HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY HERETO MAY FILE AN ORIGINAL COPY OF THIS NOTE WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF BORROWER TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY.**

"**BORROWER"**

**South Town by 4M LLC**

By: ____________________________

Its: ____________________________

Address: ________________________

________________________________

**ACCEPTED AND AGREED TO:**
**"LENDER"**

________________________________
Heidi Caroline Poscher